SAN ANTONIO AND ARANSAS PASS RAILWAY COMPANY V. ARTHUR BURNS ET AL.

Decided April 8, 1905.

**1.—Railroads—Noxious Plants on Right of Way—Damage to Adjoining Owner.**

Under the common law a railroad company, with respect to noxious plants, such as Johnson grass, growing upon its right of way, owes no duty to the owner of adjoining land except to refrain from actively conveying the noxious seed to such adjoining premises. Following Railway v. Oakes, 94 Texas, 162.

**2.—Same—Johnson Grass Statute—Negligence.**

Under the statute forbidding any railroad to permit Johnson grass to go to seed on its right of way an adjoining landowner may recover for damages already suffered without proof of negligence, and may ask for the penalty prescribed by the statute, or may not, as he chooses. Act of April 18, 1901, Gen. Laws, 27th Leg., p. 283.

**3.—Same—Landowner Permitting Johnson Grass to Seed.**

Where the owner of the adjoining land to which Johnson grass has been communicated from a railroad right of way permits the grass to go to seed on his land he can not, under the terms of the statute, recover against the road the damages and penalty therein provided. Following ruling of Supreme Court herein on certified question (99 Texas, 154).

Appeal from the County Court of De Witt. Tried below before Hon. Chas. A. Summers.

*Proctors*, for appellant.—1. Any common-law cause of action for damages, based upon injury caused a plaintiff by the communication to his premises of noxious vegetation from defendant's premises, is es-

sentially predicated on the introduction of said noxious vegetation on the defendant's premises, either by the defendant or some predecessor in his estate. There was never any cause of action at common law for the communication to a plaintiff's premises of noxious vegetation not introduced by the defendant or predecessor in estate, but which came on the defendant's premises from natural causes. Thompson on Neg., secs. 694-705; Giles v. Walker, L. R. A., 24; Q. B. Div., 656; 62 L. T. N. S., 933; 54 J. P., 599; quoted with approval in Railway Co. v. Oakes, 94 Texas, 162; Bishop's Non-Contract Law, secs. 829, 860; Wilson v. Newberry, L. R., 7; Q. B., 31; 41 L. J. Q. B. N. S., 31; 25 L. T. N., 695.·

2. Appellees can not invoke the statute because they permitted the Johnson grass to go to seed on their land. Acts 27th Leg., p. 283.

*Davidson & Bailey,* for appellees.—It is a well-established rule of common law that one who, for his own purpose, negligently suffers to accumulate or collect on his own land, and keeps or negligently allows anything to remain there which is likely to do mischief if it escapes, must keep it at his peril, and if he does not do so he is prima facie answerable for all damages which are the natural consequences of its escape; and, a fortiori, is this true if, in the management of his property and the construction of his ditches, culverts and drains, he collects, in said ditches, culverts and drains quantities of water sufficient to flow the roots and seeds of such substance upon the adjoining lands of another, which act of collecting unusually large quantities of water, with the dangerous substance intermingled therewith, and carrying the same into the adjoining lands of another, would be, on the part of the railway company in this instance, an act of negligence. 21 Am. & Eng. Ency. of Law (2d ed.), p. 98, sec. 5; Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Texas, 155; Terhune v. Railway Co., 81 S. W. Rep., 74; Missouri, K. & T. Ry. Co. v. McGregor, 68 S. W. Rep., 711.

GILL, Associate Justice.—On August 5, 1902, the appellees brought this suit against the railway company to recover damages for injury to their lands, alleged to have been due to the negligence of the defendant in permitting Johnson grass to go to seed on its right of way, and permitting its communication to plaintiffs' land by the flow of the surface water from the right of way thereon. They also sought to recover the penalty prescribed by the legislative Act of April 18, 1901, familiarly known as the "Johnson Grass Statute."

The defendant answered by general denial, and specially pleaded that it owned in fee simple its right of way through and contiguous to plaintiff's land, and that it had carefully and skillfully constructed and maintained its road in full compliance with the statute.

A trial before the court without a jury resulted in a judgment for plaintiffs for $750, from which the defendant has appealed.

Plaintiffs are the owners of a 660-acre tract of land through which, in 1887, the defendant acquired a right of way in fee simple, and constructed its road thereon. Shortly after the completion of the road Johnson grass appeared on its right of way, and has been growing thereon ever since. It was not placed thereon by the procurement of the

railway company, nor is it specifically shown by what means the seed were first brought upon the right of way. It is made to appear, however, that a number of years ago, and before the noxious qualities of the plant were known in that section of the country, it was extensively sown in De Witt County for hay and forage. Since that time there has been an effort more or less general to get rid of it. It is undisputed that its presence upon land seriously affects its value for purposes of cultivation, as its growth is rank and persistent, and it is very difficult to eradicate.

At the time of which complaint is made plaintiffs were the owners and in possession of about 130 acres of land within the larger tract above referred to. This smaller tract had been reduced to cultivation. Forty acres of it lay on the east side of defendant's right of way and ninety acres on the west side. The entire 130-acre tract sloped to the west, so that according to the natural lay of the land the surface water that fell on the east side flowed over the defendant's right of way, and thence over the 90 acres. The right of way through this tract consists, since the construction of the road, partly of a cut and partly a fill. When the road was constructed a ravine which ran westwardly through the land was bridged by the company, and at another depression a sufficient culvert was put in. Both the culvert and ravine discharges the surface water from the 40-acre tract and from the right of way on to the 90-acre tract, but in no greater quantities than flowed thereon before the construction of the road. But whereas, before the construction of the road, it did not flow in a confined stream, at the point where the culvert was placed it now does. Along its roadbed through plaintiffs' land defendant has made shallow ditches, which conduct to the culvert and to the ravine under the bridge the water which falls on the right of way.

The trial court found, upon sufficient evidence, that no water which flowed over or across plaintiffs' land came from elsewhere than the 40-acre tract to the east or from defendant's right of way.

The ditches and drains of defendant were properly constructed and maintained, and negligence is not averred in this respect. The ditches are complained of, however, as the cause of the seeds being carried to the 90-acre tract, and the testimony of plaintiffs shows that there was no Johnson grass on the tract until after it appeared on the right of way, and that it first appeared on their land along the ditch and ravine. It was also shown, however, that the grass had invaded the 40-acre tract, and damages were allowed therefor, although it was undisputed that it lay higher than the right of way, and that no water from the right of way did or could flow over it.

The court, after finding that the culvert and drains had been properly constructed, held that to allow the seeds of the Johnson grass thus to be communicated to plaintiffs' land was negligence, and upon that theory he based his judgment.

The statutory penalty prayed for was not allowed, the court stating in his judgment, as well as in his conclusions of fact and law, that the plaintiffs had abandoned their action under the statute and relied alone upon their action at common law.

The judgment is assailed on the ground that the facts are insufficient to sustain it on the theory upon which it is based, and we are of opin-

ion the assignment is meritorious. The facts show, and the court finds, that the grass appeared on the right of way without the procurement of defendant. What its common-law duty was in such a situation is fortunately already settled in this State. The authorities are reviewed by Justice Williams in Railway Co. v. Oakes (94 Texas, 162). That case arose prior to the Act of April, 1901, and the cause of action necessarily was predicated upon the common law. The complaint was that the company had planted Bermuda grass on its embankments; that it was detrimental to agricultural lands, and had been by the company negligently permitted to spread upon the adjoining lands of complainants to their damage.

The court laid down the rule that, as the planting of the grass upon the right of way was not in itself unlawful, no action would lie unless it was shown to have been an unjustifiable use of its property, and it was held under the facts that the exercise of due care was a defense to the action in any event. In determining the questions arising in that case the court saw proper to review the authorities at considerable length, and incidentally, those dealing with the right and duties of landowners with respect to noxious plants accidentally or naturally growing upon their lands, and not purposely planted there by the owner. Upon this point it was held that the owner of the land in such cases owed to his neighbor no active duty, railway companies being placed upon the same footing as other owners of lands.

It is therefore clear that, as the railway company owed the plaintiffs no duty under the facts except to refrain from actively conveying the noxious seeds to plaintiffs' premises, and the uncontroverted evidence showing it was guilty of no such acts, the judgment can not be sustained under the common law.

Of course, if the company had wrongfully diverted surface water upon plaintiffs' land, to their injury, it would have been liable for the proximate consequences, and it may be that one of the elements of damage would, in such case, have been the injury resulting from the transfer of the noxious seeds by that means. But no such case is made, and, indeed, it is doubtful if the pleadings are susceptible of being construed as averring a negligent construction of the ditches and culverts, or an unlawful turning of the surface water upon plaintiffs' land. In any event, the facts do not establish such a case. For the reasons given, the judgment must be reversed. Appellant contends that it is entitled to have the judgment here rendered in its favor, predicating the contention on the waiver of the plaintiffs of the statutory action. The action as brought would have authorized a judgment under the statute, if supported by the evidence. Appellant contends that the plaintiffs' rights under the statute were abandoned upon the trial because the defense was established that plaintiffs also permitted Johnson grass to seed upon their lands.

Appellees contend that they sought to sustain their action under the rules of the common law, and did not contend they were entitled to a judgment under the statute because, at the time of the trial, the constitutionality of the Act was seriously doubted, and the case of Railway v. May (24 Sup. Ct. Rep., 638), in which the question was made, was then pending and undetermined in the Supreme Court of the United

States. Which of these reasons controlled plaintiffs in waiving their right under the statute the record does not disclose.

The Act in question makes it unlawful for any railway company to permit Johnson grass to go to seed on its right of way, and gives to any owner of contiguous land injured thereby his action for damages and a penalty of $25. It is provided, however, that if the owner is shown to have permitted the grass to go to seed upon his land, that fact shall constitute a defense to the action. (Acts 27th Leg., p. 283.)

It is clear that under these provisions a contiguous owner might recover the penalty although he had as yet suffered no damage. This portion of the statute was manifestly designed to enable the owner to abate the threatened danger before the damage accrued. If the suit is for damages already suffered, they may be recovered without proof of negligence. In this respect the rule of the common law is changed. As regards the penalty, the person complaining may ask for it or not, as he chooses.

This, to our minds, is clearly the meaning of the statute. As regards the recovery of damages, it dispenses with the necessity of proof of negligence, and, as it is a part of the general law of the land, it seems to us a suit brought for damages upon allegations of fact bringing the case within the Act would invoke its application, notwithstanding the pleader may have made no reference to the Act. If, in such a case, the plaintiff erroneously concedes that the facts do not invoke the statute, and that he must recover upon some other principle of law, and the trial court follows the invited error and renders judgment against the plaintiff, he will not be heard to complain. But if the trial court renders a judgment in his favor which is responsive to the pleadings and supported by the evidence, it is immaterial whether the court was actuated by the wrong reason advanced by plaintiffs or gives a right reason notwithstanding the erroneous theory so advanced. It is a common thing for a right judgment to be affirmed, though the party seeking to sustain it urges an erroneous theory, and the trial court, in giving a reason for his conclusion, fell into a like error.

To put it another way, if the statute did not exist, but its substance as it now stands was a part of the common law, the plaintiffs' judgment might stand here, however erroneous the reasons upon which either they or the trial court may have proceeded, if the pleadings and the facts sustained it. As the statute but substitutes another rule for the common-law rule, the case is not different from the one supposed. In waiving the application of the statute they abandoned no part of their pleadings except the prayer for the penalty, and upon another trial, upon the pleadings as they stand, they may, without proof of negligence, recover judgment for their damages if the other facts should justify it.

In this view of the case the judgment might be affirmed but for the fact that the statute provides for a specific defense, and we are unable to say that, in preparing the case for appeal, or in the conduct of the case below, the appellants may not have been influenced by the waiver of plaintiffs to omit the facts upon that point. For this reason the cause is remanded for another trial. In view of this order it is necessary to pass upon another point.

Appellant contends that, under the statutory proviso, no one can sus-

tain the action who has allowed the grass to seed upon his own land, and this though the grass thus allowed to seed was communicated by the wrong of the company.

We are unable to concur in this construction. It seems to us the more reasonable view of the matter is that the Legislature intended to preclude those who were engaged in the cultivation of Johnson grass, or who allowed it to go to seed upon their land when brought there from other causes than the fault of the company. This view is strengthened by the fact that the cause of action for the penalty may accrue before the noxious seeds are communicated to the land of the contiguous owner. So, also, may he sue for damages immediately upon the appearance of the grass upon his land, and we do not think he would lose his cause of action by thereafter allowing the grass thus wrongfully communicated to go to seed. The statute does not deprive private land-owners of the right to raise Johnson grass, nor impose upon those growing it any higher duty than that imposed by the common law. It does declare, however, that one who either purposely or by inaction allows it to seed upon his premises can not recover against a railway. Indeed, it would seem that this defense would be as effective against the common-law action as against one brought strictly under the statute. But if the owner, not wishing to raise Johnson grass, finds his lands set with it by the wrong of a railway company, he may have his action against the company for the decreased value of his land, and this though he may conclude that it is cheaper and wiser to let the grass grow and reap it for forage than to undertake its eradication.

For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

The controlling questions in this case were certified to the Supreme Court, and the answers are conclusive of the rights of appellees under the undisputed facts. (Railway v. Burns, 99 Texas, 154, 87 S. W. Rep., 1144.) The motion for rehearing is therefore granted, our order remanding the cause is set aside, and judgment here rendered for appellant.

*Reversed and rendered.*

Note:—The holding of the Supreme Court is shown in the third head-note.