WARD McCUTCHEON, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellee.

**MASTER AND SERVANT:** Place for Work—Railway Right of Way
1 —Presence of Noxious Weeds. The mere presence of weeds upon a right of way is not, of itself, a breach of duty to a section hand whose duty involves the care and maintenance of such right of way.

**MASTER AND SERVANT:** Federal Employers' Liability Act—Exclusiveness of Act. A servant who has right to recovery under the Federal Employers' Liability Act must stand or fall thereon, unaided and unimpeded by any state statute.

*Appeal from Washington District Court.*—HENRY SILWOLD, Judge.

SATURDAY, OCTOBER 27, 1917.

ACTION for damages for alleged negligence of the defendant in permitting noxious weeds to grow upon its roadbed, including sand burs and thistles. The petition alleges that the plaintiff was a section hand, engaged in his line of work upon the defendant's right of way, in charge of a foreman; that, while so engaged about his work, and particularly while placing a hand car upon the rails, his limbs were pricked by such burs and thistles, wherefrom blood poisoning later set in, and caused the plaintiff great injury. The action purports to be brought under the Fed-

eral Employers' Liability Act. There was a demurrer to the petition, on the general ground that it disclosed no actionable negligence or breach of duty on the part of the defendant company toward the plaintiff.—*Affirmed.*

*W. H. Butterfield* and *Chas. A. Dewey,* for appellant.

*Eicher & Livingston, John N. Hughes* and *C. R. Sutherland,* for appellee.

Evans, J.—The line of duty of a section hand is the care and maintenance of the right of way. Assuming that the railroad company owed a duty to the public to destroy all noxious weeds upon its right of way, it must necessarily perform such duty through employees. Weeds indigenous to the soil must necessarily grow, to some extent, upon right of ways. The best that the most diligent can do is to destroy them within a reasonable time. That some degree of danger is always present upon a right of way is a matter of common observation. Burs may prick, stones and cinders may bruise more or less. But these are among the small dangers which are incident to every active life. Such as they are, they are not hidden, but are obvious, and ordinarily avoidable. They are not perilous in any legal sense. True, the prick of a pin may result in blood poisoning and death. But the presence of a pin upon a right of way would hardly be deemed actionable negligence on the part of the railway company; and yet it would be more hidden and difficult of discovery than would the presence of sand burs and thistles. In this case, the plaintiff charges that the sand burs and thistles were thick and observable, and that he entered them only because ordered to do so by the section foreman.

1. MASTER AND SERVANT: place for work: railway right of way: presence of noxious weeds.

The general basis of the charge of negligence is that the defendant failed to furnish the plaintiff a reasonably

safe place to work. We are clear that the mere presence of weeds upon a right of way is not of itself a breach of duty to a section hand, whose duties involve the care and maintenance of such right of way. *Vance v. Southern Kans. Ry. of Texas,* (Tex.) 152 S. W. 743, at 745; *San Antonio & A. P. R. Co. v. Burns,* (Tex.) 89 S. W. 21; *Gulf, C. & S. F. R. Co. v. Oakes,* (Tex.) 86 Am. St. Rep. 835; 5 Thompson on Negligence, Sec. 5855.

Some stress is laid by appellant upon the fact that we have an Iowa statute which requires landowners to destroy noxious weeds both upon the highways and upon railroad right of ways. It is urged that the defendant was guilty of a violation of this statute. There are several answers to this position of appellant's:

2. MASTER AND SERVANT: Federal Employers' Liability Act: exclusiveness of act.

1. Having brought this action under the Federal Employers' Liability Act, his case must be considered from the standpoint of Federal legislation, and ordinarily without reference to any state statute. Ordinarily, the rights of litigants under the Federal Employers' Liability Act cannot be affected favorably or unfavorably by state statutes. *Spokane & I. E. R. Co. v. Campbell,* 60 L. Ed. 1125 (241 U. S. 497); *Texas & Pac. R. Co. v. Rigsby,* 60 L. Ed. 874 (241 U. S. 33). Under this rule, the operation of the act is uniform upon all litigants. To hold otherwise would be to destroy such uniformity.

2. If the railway company be under the affirmative duty to remove from its right of way all weeds which are indigenous to its soil, it must necessarily perform such duty through its employees, and these must necessarily go upon the right of way for that purpose.

We think the order of the district court was proper, and it is—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.