ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. W. J. GENTRY.

Decided May 26, 1906.

**Johnson Grass—Railroad Right of Way—Penalty—Constitutional.**

That part of the Act of April 18, 1901, fixing a penalty for railroad companies permitting Johnson grass to go to seed on their right of way is constitutional and can be enforced notwithstanding the clause providing for a recovery of damages in addition to such penalty is unconstitutional.

Appeal from the District Court of Henderson County. Tried below before Hon. B. H. Gardner.

*E. B. Perkins, Frost, Neblett & Carpenter* and *W. R. Bishop,* for appellant.—"It is settled law, and now a familiar rule, that where a statute contains an unconstitutional provision, and another, which, if stand-

ing by itself, would be valid, the latter will be given effect, provided they are so clearly independent of each other that the court can say that the Legislature would have passed it if the former had been omitted. On the other hand, if they be so connected one with the other, that it is apparent that the Legislature would not have passed the act, except as a whole, then the entire statute must fall." San Antonio P. Ry. Co. v. Burns, 87 S. W. Rep., 1144; Gulf, C. & S. F. Ry. Co. v. Stokes, 14 Texas Ct. Rep., 356; Texas & P. Ry. Co. v. Mahaffey, 84 S. W. Rep.. 648; United States v. Reese, 92 U. S., 214; Baldwin v. Franks, 120 U. S., 678; Ex parte Towles, 48 Texas, 413; State v. Duke, 42 Texas, 455; State v. Donusman, 28 Wis., 541; Slauson v. Racine, 13 Wis., 398; Spraigue v. Thompson, 118 U. S., 90; Western Union Tel. Co. v. State, 62 Texas, 630.

No brief for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellee, W. J. Gentry, instituted this suit in the Justice Court of Henderson County, on August 18, 1904, against appellant to recover $25 as a penalty for permitting Johnson grass to mature and go to seed on appellant's right of way where the right of way of said appellant passed through appellee's farm. The case was tried in the Justice Court on the 29th of August, 1904, resulting in a judgment in favor of appellee for the sum of $25 and costs of suit.

The case was appealed by appellant to the District Court of Henderson County on September 4, 1905, and was tried in said District Court, resulting in a judgment in favor of appellee. Motion for new trial was presented and overruled. And the case is now before this court on appeal, which was perfected by filing appeal bond October 20, 1905.

*Opinion.*—Under its second and third assignments of error, which are grouped, appellant presents the following propositions:

1. So much of the Act of the Twenty-seventh Legislature of the State of Texas approved April 18, 1901, General Laws of the State, pages 283, 284, prohibiting railroad and railway companies from permitting Johnson grass to go to seed upon the right of way and fixing the penalty therefor, as undertakes to impose damages in addition to the penalty against such railroad and railway companies is unconstitutional, because the subject of damages is not mentioned or provided for in the caption of the Act.

2. It being evident that the Legislature would not have passed the Act fixing a penalty for allowing Johnson grass to go to seed on the right of way of railroad companies without the provision allowing damages in addition to the penalty, and that part of the bill allowing damages being unconstitutional the whole bill should be declared unconstitutional and nonenforcible.

The Act of the Legislature referred to and now complained of is found on pages 283 and 284 of the General Laws of the State passed and approved on the 18th of April, 1901, and is substantially as follows:

An Act to prohibit railroad and railway companies or corporations in this State from permitting Johnson grass or Russian thistle from going to seed upon their right of way, and fixing a penalty.

Section 1. Be it enacted by the Legislature of the State of Texas:

It shall hereafter ·be unlawful for any railroad or railway company or corporation doing business in this State to permit any Johnson grass or Russian thistle to mature or go to seed upon any right of way, owned, leased or controlled by such railroad or railway company or corporation in this State.

Section 2. If it shall appear upon the suit of any person owning, leasing or controlling land contiguous to the right of way of any such railroad or railway company, or corporation, that said railroad or railway company or corporation has permitted any Johnson grass or Russian thistle to mature or go to seed upon their right of way, such person so suing shall recover from such railroad or railway company or corporation the sum of twenty-five dollars, and any such additional sum as he may have been damaged by reason of such railroad or railway company or corporation permitting Johnson grass or Russian thistle to mature or go to seed upon their right of way. Provided, any owner of land, or any person controlling land contiguous to the right of way of any such railroad or railway company, who permits any Johnson grass or Russian thistle to mature, or go to seed upon said land, shall have no right to recover from such railroad or railway company as provided for in this Act. Approved April 18, 1901.

The constitutionality of the Act under consideration was challenged by general and special exceptions in the District Court. These exceptions were overruled. So much of the Act as attempts to provide for damages in addition to the penalty has been held by the courts to be unconstitutional, because the caption of the Act was not sufficiently broad to admit of legislation on damages. (San Antonio & A. P. Ry. Co. v. Burns, 87 S. W. Rep., 1144; Gulf, C. & S. F. Ry. Co. v. Stokes, 14 Texas Ct. Rep., 356.)

Article 3, section 35, page 78, Axtell's Constitution of 1876, contemplates that only the unconstitutional feature in a bill shall be eliminated, and that the remainder of the Act may stand. But appellant insists that it is apparent that the Legislature would not have passed the Act fixing a penalty for allowing Johnson grass to go to seed on the right of way of railroad companies without the provision allowing damages in addition to the penalty, and that part of the bill allowing damages being unconstitutional the whole bill should be so declared. We are of the opinion, as contended by appellant in argument, that it is evident the bill as originally introduced in the Legislature did not embrace the damage feature, but this was added by amendment. The evident purpose of this part of the statute was to make it plain that the Legislature by making it unlawful for a railway company to permit Johnson grass to mature and go to seed on its right of way and fixing a penalty for its violation, did not intend to do away with the remedy of one injured thereby to maintain a suit for his damages. On March 10, 1906, this court, in the case of Railway Company v. Terhune, in an opinion by Chief Justice Rainey, sustained a recovery against the railway company for damages resulting from its permitting Johnson grass to go to seed on its right of way and causing the same to be washed upon the land of appellee. As we view it, the damage feature of the statute only made statutory the remedy existing at common law, and the fact that this part of the statute is unconstitutional does not materially change the

remedy existing to prevent the spread of Johnson grass. We do not concur in the proposition that the Legislature would not have passed the statute fixing a penalty for allowing Johnson grass to go to seed upon the right of way of railroad companies without the provision allowing damages in addition to the penalty. It is clear that if the unconstitutional part of the statute is stricken out that which remains is complete in itself and capable of being executed in accordance with the apparent intent of the Legislature.

We are of the opinion that the part of the statute fixing a penalty for railroad and railway companies and corporations permitting Johnson grass to go to seed on their right of way is constitutional and should be enforced, notwithstanding the clause providing for a recovery of damages in addition to such penalty is unconstitutional. The judgment is affirmed.

*Affirmed.*

Writ of error refused.