## MISSOURI, K. & T. RY. CO. OF TEXAS v. TOLBERT.

(Court of Civil Appeals of Texas. Jan. 7, 1911. Rehearing Denied Feb. 11, 1911.)

1. AGRICULTURE (§ 8*) — JOHNSON GRASS — PENALTIES.

One suing a railroad company for penalties and damages under the statute making it unlawful for a railroad company to permit Johnson grass to mature on its right of way need not allege or prove negligence, and the allegation of negligence may be treated as surplusage.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

2. WATERS AND WATER COURSES (§ 119*)— SURFACE WATER—DRAINAGE—RAILROADS.

One seeking to recover under the common law and the statutes governing the construction of railroads with reference to the natural drainage of land must allege and prove negligence in diverting the water from its natural course, and along its right of way, and emptying it on the land of another, causing damage by the water carrying with it Johnson grass seed and roots.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 131–134; Dec. Dig. § 119.*]

3. TRIAL (§ 191*)—INSTRUCTIONS — ASSUMPTION OF FACTS.

In an action against a railroad company for penalties and damages under the statute making it unlawful for a railroad company to permit Johnson grass to mature on its right of way, the court may, in its charge, assume that the act of the company in permitting the grass to mature was negligent.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431; Dec. Dig. § 191.*]

4. AGRICULTURE (§ 8*) — JOHNSON GRASS — PENALTIES.

Under the statute making it unlawful for a railroad company to permit Johnson grass to mature on its right of way, a company is liable for the penalty each time Johnson grass is permitted to mature on its right of way.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

5. AGRICULTURE (§ 8*) — JOHNSON GRASS — PENALTIES—CONTRIBUTORY NEGLIGENCE.

An action against a railroad company for permitting Johnson grass to mature on its right of way in violation of the statute may be defeated by the company proving that plaintiff

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

had permitted the grass to mature on his land during the time complained of.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

6. AGRICULTURE (§ 8*) — SURFACE WATER — DRAINAGE—CONTRIBUTORY NEGLIGENCE.

Where a cause of action against a railroad company for injuries to land from the growth and spread of Johnson grass is based on the negligence of defendant in respect to the drainage of surface water by which the seed of such grass was carried to plaintiff's land, that plaintiff permitted Johnson grass to grow on his land would not defeat recovery, though such act would have prevented recovery of the statutory penalty.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

7. AGRICULTURE (§ 8*) — SURFACE WATERS — DRAINAGE—RAILROADS—DAMAGES.

Where land has been damaged by the spread of Johnson grass thereon in consequence of the act of a railroad company in diverting surface water from its natural course so as to flow along its right of way and onto plaintiff's land so as to carry the grass seed and roots to the land, the owner may recover the difference in the value of the land with the grass as situated thereon and the value of the land without the grass.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

Appeal from Hunt County Court; J. W. Manning, Judge.

Action by R. L. Tolbert against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Coke, Miller & Coke and Templeton, Craddock, Crosby & Dinsmore, for appellant. R. D. Thompson and C. E. Mead, for appellee.

BOOKHOUT, J. Appellee as plaintiff brought this suit in the county court of Hunt county by his original petition, filed on August 12, 1909, and thereafter on November 10, 1909, he filed his first amended petition upon which the case was tried.

It is alleged that plaintiff is the owner of about 15 acres of land lying southwest from Greenville, in Hunt county, Tex., through which appellant's railroad runs, entering the said tract at its northeast corner and passing through the same to the southwest corner; that appellant's right of way is 100 feet wide; that, on appellee's premises, the appellant's track is in part built on a dump and in part is built through a cut. It is alleged that appellee's land slopes from east to west, and that the natural drainage is in that direction; that appellant constructed a ditch on the south or east side of its track and on its right of way, which led to a culvert or bridge under appellant's railroad and contiguous to appellee's premises. It is alleged that appellant permitted Johnson grass to mature and go to seed on its right of way three several times in the year 1908 and three several times in the year 1909. And it is alleged that Johnson grass seeds and the roots of Johnson grass were negligently communicated from appellant's right of way to appellee's lands, whereby Johnson grass was set and caused to grow on appellee's lands, to appellee's damage in the sum of $450. Appellee also claims three statutory penalties for the year 1908 and three statutory penalties for the year 1909. The petition charged negligence on the part of appellant with respect to the drainage in the following language: "That from the time said Johnson grass appeared upon said right of way, and especially since the same made its appearance upon plaintiff's land, he has exercised all possible care and effort to prevent the same from infecting his said land, and since that time has not permitted any of said Johnson grass to mature or go to seed upon his land, but by reason of the negligence of the defendant in allowing said grass to mature and go to seed upon its said right of way, and by reason of its said negligence in diverting the natural flow of the water as above explained, causing the same to flow along its said right of way as aforesaid, and causing it to pass through said culvert out upon plaintiff's said land, washing and scattering said Johnson grass and roots in and upon plaintiff's said land, the same has become permanently set and infected with said grass, and that it will continually grow and spread until plaintiff's land will be wholly taken and occupied by said Johnson grass." Appellant answered by general demurrer, special exceptions, and general denial, and by special pleas as follows: (1) That, if appellant had diverted the surface water from its natural course, it had concentrated the surface water upon its right of way and drained it from its right of way off appellee's land, thereby benefiting the land. (2) That appellant's railroad was constructed and its ditches, culverts, and bridges located and constructed on the lands in question many years before appellee became the owner thereof, and that, if there was any injury to the lands by reason of the construction of the railway and its ditches and culverts, said injuries had been inflicted before appellee purchased the land, and that appellee took the land with the incumbrances. (3) That, if any Johnson grass was set from appellant's right of way upon appellee's land, it was set only in a natural branch or drain which runs across appellee's land and under appellant's railroad, and that the land upon which it was set was practically worthless by reason of the said branch or drain; that, if Johnson grass was otherwise upon appellee's land, appellee and his tenants had caused it be so set by ploughing and dragging the roots of Johnson grass from said branch to other parts of the land, and that appellee was therein guilty of negligence. Appellant

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

also pleaded the statute of limitations of two years in bar of appellee's cause of action. Appellant's demurrer and exceptions were overruled by the court, and the cause was tried before the county judge, with the aid of a jury, at the November term, 1909, of the court, and the trial resulted in a verdict and judgment for appellee for penalties in the sum of $50 and for damages in the sum of $150; the judgment aggregating the sum of $200. Appellant's motion for new trial having been overruled, it perfected an appeal to this court.

Error is assigned to that clause of the court's charge reading as follows: "It shall hereafter be unlawful for any railroad or corporation doing business in this state to permit any Johnson grass to mature or go to seed upon any right of way owned, leased, or controlled by such railroad or railway company or corporation in this state. If it shall appear upon the suit of any person owning, leasing, or controlling land contiguous to the right of way of any such railroad, or railway corporation or company, that said railroad or railway company or corporation has permitted any Johnson grass to mature or go to seed upon their right of way, such person so suing shall recover from such railroad or railway company or corporation the sum of $25 and any such additional sum as he may have been damaged by reason of such railroad or railway company or corporation permitting Johnson grass to mature or go to seed upon their right of way, provided the owner of land or any person controlling land contiguous to the right of way of any such railroad or railway company who permits any Johnson grass to mature or go to seed upon said land shall have no right to recover from such railroad or railway company." It is contended that this clause of the charge conflicts with a subsequent paragraph reading as follows: "If you believe from the evidence that the defendant has permitted Johnson grass to grow upon its right of way through and contiguous to plaintiff's said land, and you further believe that the defendant has permitted said grass to go to seed upon its right of way, and if you believe from the evidence that the roadbed and embankment along defendant's said railroad through plaintiff's said land and the culvert under its said road so constructed as to negligently concentrate the flow of the water along its said right of way and out through the said culvert upon plaintiff's land, thereby negligently permitting the said water flowing along said right of way to wash and carry said Johnson grass seed and roots out and upon the plaintiff's said land, or if you believe that the defendant has negligently permitted said grass, seed, or roots to be washed or carried over and upon plaintiff's said land, they have lodged, sprouted, and taken root thereon, germinating, spreading, and thereby causing said seeds and roots to infest said land causing a growth of said John-

son grass upon the plaintiff's said land, thereby damaging the same, and if you further believe that the plaintiff has exercised ordinary care to prevent said grass from being so spread upon his land, and to prevent the seeds or roots of said grass from being blown, washed, or carried upon his said land, and to prevent injury that might result therefrom, you will find for the plaintiff." This assignment is not sustained. The appellee based his cause of action on two distinct grounds: First. He alleged a case entitling him to recover penalties and damages under the statute commonly known as the "Johnson Grass Statute." Second. He alleged a cause of action entitling him to recover under the common law and statutes governing the construction of railroads with reference to the natural drainage of the land, irrespective of the Johnson grass statute. Under the first count, it was not necessary to allege or prove negligence on the part of appellant, in the second count it was necessary to allege and prove both, and the apparent conflict in the court's charge resulted from a presentation of the law to the facts under the issue raised by each of said counts.

Error is also assigned to a paragraph of the charge reading as follows: "Therefore, if you believe from the evidence that the defendant permitted Johnson grass to mature or go to seed upon any portion of its right of way contiguous to plaintiff's land, as alleged and described in his petition, during the years 1908 and 1909, or during any portion of said years, and if you further believe from the evidence that the plaintiff has not permitted Johnson grass to mature or go to seed upon his said land during the years 1908 and 1909, or either of said years, then the plaintiff would be entitled to recover of the defendant the sum of $25 as a penalty for each and every time said defendant had so permitted said Johnson grass to mature or go to seed upon its said right of way contiguous to plaintiff's said land during the year 1908 and during the year 1909, before November 10, 1909, such recovery in the aggregate not to exceed the sum of $150. And if you further believe that during said years the seeds or roots of said Johnson grass have been blown, washed, or carried from defendant's said right of way onto and upon plaintiff's said land as alleged, thereby causing said seed or roots to sprout and grow upon plaintiff's said lands, and you further believe that by reason thereof plaintiff's land has been damaged, then the plaintiff would be entitled to recover such additional sum as will fairly compensate him for any damages thereby sustained to his said land."

It is contended that said charge is erroneous, in that it assumes, if appellant permitted Johnson grass to mature and go to seed upon its right of way, it negligently did so; and that it is further erroneous in that under the same more than one recovery of a

penalty for each of the years 1908 and 1909 was authorized, whereas, under the statute of this state fixing such penalty, no more than one of such penalties in any one year could be recovered. We do not concur in either of these contentions. The statute makes it unlawful for a railway company to permit Johnson grass to mature and go to seed upon its right of way, and it was not error for the trial court to assume that its act in this respect is negligent. Railway Co. v. Terhune, 94 S. W. 381; Railway Co. v. Gentry, 43 Tex. Civ. App. 299, 95 S. W. 74.

Nor did the trial court err in its charge in authorizing a recovery of more than one penalty for each of the years 1908 and 1909. There was evidence sufficient to warrant the jury in finding that Johnson grass did mature and go to seed more than once during each of those years on appellant's right of way. In the case of Railway Co. v. Voss, 49 Tex. Civ. App. 566, 109 S. W. 984, the Court of Civil Appeals for the Third District held that under this statute one owning land contiguous to the railway right of way was entitled to recover the penalty stipulated in the statute each time Johnson grass was permitted to mature and go to seed upon its right of way. The court sustained a finding for more than one penalty during the year that this statute was violated. We concur in that holding.

Again, it is contended that said charge is upon the weight of the evidence, in that if the defendant permitted Johnson grass to mature and go to seed on the right of way, and if the seed or roots thereof washed onto plaintiff's contiguous land, and damaged the same, plaintiff was entitled to recover, and the charge assumes that, if the seeds or roots of the grass washed down upon the land, the defendant was negligent with respect to such washing. This contention is not tenable. As stated, the petition set up two grounds of recovery. Appellee first pleaded a case under the Johnson grass act. He made the necessary allegations for that kind of case, calling for penalties and damages to the land. It was not necessary to plead negligence, and, while it is incidentally pleaded, it may be treated as surplusage. This cause of action could have been defeated by proof on the part of appellant that appellee had permitted Johnson grass to mature and go to seed during the time complained of.

In another count of the petition appellee alleged a case good at common law. Under that count, he alleged and proved a case of negligence against appellant in diverting the water from its natural course, and along its right of way, and emptying it on another part of appellee's land, carrying with it grass seed and roots. Under this count it was necessary to show negligence, but if that was done, and an injury resulted, appellee could not be defeated, even had the proof shown that he had permitted Johnson grass to mature and go to seed on his own land. Under the first count the law imputes negligence on account of the Johnson grass maturing and going to seed on the right of way. Under the second count the negligence must consist, not in permitting the grass to grow or go to seed on the right of way, but in negligently permitting it to be carried onto the land of another. The court submitted both issues under appropriate instructions, and in so doing we do not think committed any error.

These remarks also dispose of the fourth assignment adversely to appellant, and the same is overruled.

The fifth assignment is as follows: "The court erred in the following paragraph of its charge to the jury on the measure of damages, to wit: 'Should you find from the evidence that the plaintiff's land has been damaged by the spread of Johnson grass thereon, and that the defendant is liable for the same, you will allow plaintiff such sum therefor as will represent the difference, if any, in the value of the said land with the said grass as situated thereon as shown by the evidence, and the value of the said land without the said Johnson grass upon the same'— because the measure of damages to the plaintiff's premises therein submitted is not the legal measure of damages to the plaintiff's land." This charge announced the correct measure of damages, and the assignment is overruled.

Finding no reversible error in the record, the judgment is affirmed.