MISSOURI, K. & T. RY. CO. OF TEXAS v. LETOT.†

(Court of Civil Appeals of Texas. Feb. 18, 1911. Rehearing Denied March 11, 1911.)

1. CONSTITUTIONAL LAW (§ 247*) — EQUAL PROTECTION OF LAWS—RAILROADS—IMPOSITION OF PENALTIES.

Laws 1901, c. 117, making it unlawful for a railway company to permit Johnson grass to go to seed upon its right of way, and authorizing the recovery of damages and a penalty by a civil suit, does not deny the equal protection of the laws guarantied by Const. U. S. Amend. 14, § 1.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 703; Dec. Dig. § 247.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Application for writ of error dismissed by Supreme Court.

2. DAMAGES (§ 160*)—PLEADING AND PROOF—EXPENSES INCURRED.

Plaintiff in an action under Laws 1901, c. 117, relating to Johnson grass on railroad rights of way, pleaded as part of his cause of action the expenditure of money and the performance of labor without alleging that such expense was reasonable and necessary. No exception was taken to the petition. *Held*, that plaintiff's testimony that the labor done and money expended were reasonable and necessary was admissible.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 448; Dec. Dig. § 160.*]

Appeal from Dallas County Court; W. M. Holland, Judge.

Action by Oliver Letot against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Thomas & Rhea, for appellant.

RAINEY, C. J. This is an appeal from a judgment for $125 against the railway company in a suit brought by appellee to recover a statutory penalty and damages occasioned him by reason of the said railway company permitting Johnson grass to go to seed on its right of way and spread on his land. The railway company answered by general demurrer, general denial, and specially that the Acts of the Twenty-Seventh Legislature, 1901, c. 117, is violative of the Constitutions of the United States and of the state of Texas. A trial before the court without a jury resulted as above stated.

The trial court filed conclusions of fact and law, and the same are here adopted:

## "Findings of Fact.

"I find that plaintiff at the time of filing this suit, and at the time of the trial of the same, was the owner and in possession of the two tracts of land set out in his petition. He acquired the title to the 30-acre tract and to 40 acres of the 60-acre tract by partition of his father's estate in May, 1908. The remaining 20 acres of the 60-acre tract is the separate property of the plaintiff's wife, which was acquired by partition of her father's estate in the spring of 1908. The said 30-acre tract and the said 60-acre tract are each west of defendant's railroad, and contiguous to its right of way, and are located in Dallas county, Tex.

"(2) I find that the right of way of the defendant contiguous to the said land in the years 1907, 1908, and 1909 and for several years prior thereto had Johnson grass growing on the same, and that during the years 1907, 1908, and 1909, the defendant permitted Johnson grass to go to seed on its right of way contiguous to said land. The defendant cut the Johnson grass on its right of way at least twice during each of said years. The plaintiff did not permit any Johnson grass to mature or to go to seed on either of the two tracts involved in this suit in either

of the years 1907, 1908, and 1909. Johnson grass had been growing on the tracts of land for several years prior to 1907, and came up on each of said tracts in the spring of 1907 in March and April.

"(3) Beginning early in July, and extending through August and September of 1907, the plaintiff plowed a portion of said land about six acres on which Johnson grass was growing four or five times, one of which plowings was necessary to make a crop on said land, regardless of the Johnson grass. In 1908 the plaintiff did not do any extra plowing, but dug up said Johnson grass as it came up on the two tracts of land, and that the reasonable value of the labor and value of digging up the grass in 1908 was $50. In 1909 there was no Johnson grass on the 60 acres, except a few bunches in a ditch running through it, which Johnson grass had been in said ditch for several years.

"(4) I find that the farms immediately south of the 60-acre tract and immediately north of it, neither of which belonged to plaintiff, had Johnson grass on them during the years 1907, 1908, and 1909, and the Johnson grass went to seed on these farms during each of said years. The 30-acre tract is a part of a field in which field there has been Johnson grass growing for a good many years, and that on the land in the neighborhood of the 30-acre tract Johnson grass was growing, and went to seed in each of the years 1907, 1908, and 1909. Johnson grass is found on the farms in all parts of Dallas county, and goes to seed every year on many of them.

"(5) I find that any depreciation that there was in the value of the land of plaintiff was caused by its being contiguous to the railroad right of way on which Johnson grass was growing.

"(6) I find that Johnson grass was first started in Dallas county about 30 years ago by being sown by a farmer, and that it has been sown since in many parts of Texas by the farmers for the purpose of using as pasturage and for hay; that it has been sown in parts of Dallas county where no railroads run or have ever run, and is now scattered in spots over a great part of the state of Texas, and is allowed to mature and go to seed on some of the farms and on some of public highways in very many counties of the state, both in those in which there are no railroads and in those in which there are railroads. It has also been allowed in the past to mature and go to seed on the rights of way of the interurbans in the state of Texas. It begins to mature seed in the late spring, and continues to mature seed continually until the frosts kill down the grass. It propagates itself from both the seed and the roots. If the seed or the roots become scattered, it comes up and starts from either. If not allowed to seed, the roots spread, and thereby

causes the grass to spread over the adjoining land. It grows better on cultivated land than on that not cultivated. Is extensively grown on the farms in Texas for hay and forage purposes; some localities being largely used for these purposes.

"(7) I find that the interurban running between Sherman and Denison in the state of Texas was constructed on its own right of way and in operation more than 10 years ago.

"Conclusions of Law.

"I find that the statute passed by the Twenty-Seventh Legislature of the state of Texas on April 18, 1901, being chapter 117 of the General Laws of the state of Texas passed at the Twenty-Seventh Legislature, and entitled 'An act to prohibit railroad and railway companies or corporations in this state from permitting Johnson grass or Russian thistles from going to seed on their right of way and fixing a penalty,' is not in contravention of the fourteenth amendment to the Constitution of the United States, and that such act is constitutional and valid.

"(2) I find that the act above described is not in contravention to section 19 of article 1 of the Constitution of the state of Texas, nor of section 28 of article 1 of the Constitution of the state of Texas; nor of section 35 of article 3 of the Constitution of the state of Texas, and that said act is therefore constitutional and valid.

"(3) I find that the plaintiff is not entitled to recover for any depreciation in the value of his land.

"(4) I find that plaintiff is not entitled to recover any damages for labor done by him on the Johnson grass on the land in controversy in the year 1907.

"(5) I find that plaintiff is entitled to the penalty of $25 under the statutes for the year 1909.

"(6) I find that plaintiff is entitled to recover $50 as damages for the reasonable and necessary expenses incurred in work done on the Johnson grass on said tracts of land in 1908, and to recover $50 as damages for the reasonable and necessary expenses incurred in work done on the Johnson grass on said tracts of land in the year 1909."

The main proposition relied upon by appellant to defeat this action is that the act of the Legislature of 1901, p. 283, contravenes the Constitutions of the United States and of Texas, in that it is arbitrary, unreasonable, and denies to appellant the equal protection of the law. The constitutionality of this act was passed upon by the United States Supreme Court in the case of Railway v. May, 194 U. S. 267, 24 Sup. Ct. 638, 48 L. Ed. 976, and the validity of the act was upheld. We therefore overrule the contention of the appellant. Railway Co. v. Gentry, 43 Tex. Civ. App. 299, 95 S. W. 74.

Complaint is made to the action of the court in admitting the testimony of the appellee, Letot, that the labor done and money expended was reasonable and necessary. The objection to the testimony was that it was irrelevant, immaterial, and that there was no allegation that such expenditure was reasonable and necessary.

Part of appellee's cause of action, as pleaded, was for labor done and money expended. There was no allegation that said expense was reasonable and necessary. No exception was made to the petition on account of the omission of said allegation. In the absence of such an exception, we think there is no reversible error committed in admitting the testimony.

The judgment is affirmed.