MISSOURI, K. & T. RY. CO. OF TEXAS v. FORREST.

(Court of Civil Appeals of Texas. Dallas. May 25, 1912. Rehearing Denied June 15, 1912.)

1. CONSTITUTIONAL LAW (§ 247*)—AGRICULTURE (§ 8*) — EQUAL PROTECTION OF THE LAW—WEEDS.

The statute imposing a penalty upon a railroad which allows Johnson grass or Russian thistle to go to seed on its right of way is not a violation of Const. U. S. Amend. 14, in denying such company the equal protection of the laws.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 703; Dec. Dig. § 247;* Agriculture, Dec. Dig. § 8.*]

2. CONSTITUTIONAL LAW (§ 303*)—DUE PROCESS OF LAW—WEEDS.

Neither is it in violation of Const. art. 1, §§ 19, 28, not taking the property of railroad companies without due process of law by reason of unjust discrimination.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 863–866; Dec. Dig. § 303.*]

3. AGRICULTURE (§ 8*) — DESTRUCTION OF WEEDS.

Under the statute (Acts 27th Leg. c. 117) giving landowners adjacent to railroad rights of way an action for a named penalty and for damages if the company allows Johnson grass or Russian thistle to go to seed, the landowner

may recover only one penalty for one contiguous tract of land, though it be subdivided and rented to numerous tenants; but, if the tracts of land are separated by some distance, he may recover a penalty for each tract.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

4. AGRICULTURE (§ 8*) — DESTRUCTION OF WEEDS.

Where a railroad company was sued for damages and penalties for allowing Johnson grass to go to seed in violation of the statute, and the landowner claimed to be entitled to several penalties because several tracts of land were injured, it was improper to refuse an instruction on the part of defendant requiring the jury to assess the damages for the several tracts separately.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Action by T. C. Forrest against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

A. S. Coke, of Dallas, and G. C. Groce, of Waxahachie, for appellant. Clyde Winn and Tom. Whipple, both of Waxahachie, for appellee.

TALBOT, J. The appellee, Forrest, brought this suit against the appellant to recover, under what is known as the Johnson grass statute (Acts 27th Legislature, c. 117), the penalty prescribed for a violation of that statute, and damages to what he alleges to be four farms owned by him contiguous to the appellant's railroad right of way, by reason of Johnson grass going to seed on such right of way during the years 1908, 1909, and 1910. The petition alleges, in substance: That plaintiff, T. C. Forrest, is now, and has been for a number of years, the owner in fee simple of four certain farms. That the same were in a high state of cultivation prior to the injuries complained of. That each of said farms, except the third one, has on it a barn and dwelling house for tenants, and each of them occupied by tenants. That the right of way of the defendant's road runs by said farms in a line almost due north and south, is about 100 feet wide, where it bounds and is contiguous to said farms, and said right of way is thickly covered with Johnson grass. A minute description of each of said farms is given, and the petition further charges that the defendant company hauled and placed Johnson grass seeds and roots on said right of way and planted same and permitted it to be placed thereon willfully and negligently; and that during the years 1908, 1909, and 1910 the Johnson grass on said right of way matured and went to seed and infested plaintiff's said farms, alleging penalties for each farm, $250. Plaintiff further charges the ways and means by which the said farms became infested, and claims damages to the land in the sum of $8 per acre,

aggregating $3,648. The defendant's answer consisted of exceptions urging the unconstitutionality of the Johnson grass statute, under the Constitutions of both the United States and of this state, a general denial, and pleas of limitation; that appellee permitted Johnson grass to go to seed on his own land during the periods sued for; facts to show that the act relied on was unfair, unjustly discriminatory, and violative of the fourteenth amendment to the Constitution of the United States, and of sections 19 and 28 of article 1, and of section 35 of article 3, of the Constitution of Texas; that the land in question was leased to others during the years for which appellee sued, and the right of recovery for such years, if any, was in such lessees; and other facts intended to show the unconstitutionality of the statute relied on. The case was submitted to a jury upon issues predicated on the Johnson grass statute alone, resulting in a verdict for plaintiff for $225 penalties, and $500 damages, upon which judgment was afterwards entered, and, a new trial being refused, this appeal was perfected.

[1, 2] Appellant's first assignment of error is that "the court erred in refusing the first special instruction requested on behalf of defendant, wherein the court was asked to instruct a verdict for defendant, because the act under which the suit was brought is violative of the Constitutions both of the United States and of this state." The propositions urged under this assignment are: (1) That the Johnson grass statute upon which this suit is based is arbitrary, unreasonable, unjustly discriminatory, and is in contravention of the fourteenth amendment to the Constitution of the United States, in that it denies appellant, and railroad corporations generally, the equal protection of the laws; (2) that said statute is violative of sections 19 and 28 of article 1 of the Constitution of this state, because under it, by reason of its unjust discriminations, the property of railway companies may be taken not in due course of the law of the land, and the rights of action are made to depend on the acts of owners of land contiguous to railways, who by their acts may suspend the law, when by the Constitution the power to suspend the laws may be exercised by the Legislature alone. These contentions are overruled. The constitutionality of the act in question has been passed upon by the Supreme Court of the United States and appellate courts of this state and its validity upheld in the following cases: Railway Co. v. May, 194 U. S. 267, 24 Sup. Ct. 638, 48 L. Ed. 971; Doeppenschmidt v. Railway Co., 100 Tex. 532, 101 S. W. 1080; Railway Company v. Letot, 135 S. W. 656; Railway Co. v. Gentry, 43 Tex. Civ. App. 299, 95 S. W. 74.

[3] The second assignment of error is as follows: "The court erred in instructing the jury that plaintiff, if entitled to recover, could recover separate penalties, and separate damages, to each separate body of land which the jury might find constituted a separate farm, because: (1) Under the statute upon which plaintiff's right of action was based, he, as a landowner, was entitled to recover no more than a penalty and damages for each time defendant permitted Johnson grass to go to seed on its right of way contiguous to his lands, within the dates mentioned in plaintiff's petition; and (2) he could recover, at most, only for each separate contiguous body of land owned by him and contiguous to defendant's right of way." We think this assignment should be sustained. The statute upon which appellee's cause of action is based is, substantially, as follows:

"Section 1. Be it enacted by the Legislature of the state of Texas: It shall hereafter be unlawful for any railroad or railway company or corporation doing business in this state to permit any Johnson grass or Russian thistle to mature or go to seed upon any right of way, owned, leased or controlled by such railroad or railway company or corporation in this state.

"Sec. 2. If it shall appear upon the suit of any person owning, leasing or controlling land contiguous to the right of way of any such railroad or railway company, or corporation, that said railroad or railway company or corporation has permitted any Johnson grass or Russian thistle to mature or go to seed upon their right of way, such person so suing shall recover from such railroad or railway company or corporation the sum of twenty-five dollars, and any such additional sum as he may have been damaged by reason of such railroad or railway company or corporation permitting Johnson grass or Russian thistle to mature or go to seed upon their right of way. Provided, any owner of land, or any person controlling land contiguous to the right of way of any such railroad or railway company, who permits any Johnson grass or Russian thistle to mature, or go to seed upon said land, shall have no right to recover from such railroad or railway company as provided for in this act."

It appears that, when this suit was instituted, appellee owned several hundred acres of land near Forreston, in Ellis county, Tex., upon which the several farms claimed to have been damaged, and which are designated as Nos. 1, 2, 3, and 4, are situated. No. 1 consists of 100 acres off the west side of the S. E. ¼ of Sanchez survey, and 17 acres out of the S. W. ¼ of said survey adjoining the 100 acres. Both of these tracts lie south of appellant's railroad and contiguous to the right of way, except a small part of the 100 acres, known as the "meadow," which is northwest of the railroad. No. 2 consists of 100 acres off the south end of the Roddy survey, which does not touch the railroad right of way, and 56 acres of said survey adjoin-

ing and north of said 100 acres, which is contiguous to the railroad right of way. These tracts were acquired by the appellee at different times, and are southwest of the appellant's railroad. No. 3 consists of about 17 acres of the Roddy survey southeast of and contiguous to the right of way of appellant's railroad. No. 4 consists of about 166 acres, a part of the Roddy, Moore, and Johnsons surveys, and southwest of and contiguous to appellant's railroad right of way. The tracts of land upon which farms Nos. 2, 3, and 4 are situated are south of Forreston and contiguous, except as divided by appellant's railroad and a public dirt road, while farm No. 1 is separated from said farms by the tract of land upon which Forreston is located. Farms Nos. 1, 2, and 4 were rented to different tenants, having residences, barns, and outhouses on each and a number of acres of cultivated land. Farm No. 3 is all, practically, in cultivation, but has no dwelling, outhouse or barn on it, and was rented to the same man to whom farm No. 4 was rented.

We are of the opinion the court erred in authorizing a separate recovery as of two or more farms in respect to the body of land denominated farms 2, 3, and 4. Construing the Johnson grass statute according to its true intent and meaning, we think it must be held that the land constituting such farms, as claimed by appellee, was in fact one body of land, and that as to it plaintiff was in no event entitled to recover more than a penalty for each time it was shown that Johnson grass was permitted by appellant to mature or go to seed on its right of way during the periods of time mentioned in plaintiff's petition and such consequent damage as might have resulted to plaintiff therefrom, and that proof that Johnson grass went to seed upon any of said land during such periods would be, under the statute, a complete defense as to such land. The charge of the court complained of by the defendant by the assignment of error under consideration was therefore material error.

That farm No. 4 was separated from farms Nos. 2 and 3 by appellant's railroad and a public dirt road, and that farms Nos. 2 and 3 were on tracts acquired by the plaintiff at different times and divided by imaginary lines, does not warrant the construction contended for by the plaintiff. These tracts being in fact one body of land, except as divided by the railroad, the public dirt road, and the imaginary lines referred to, they should be so considered for the purposes of suit or defense under the statute involved, and in the event of proof that Johnson grass was permitted by plaintiff to go to seed on any part of it, outside of the railroad right of way of course, should, in our opinion, be held a defense as to all of the land for the time such grass was so permitted to seed. We do not think the Legislature, in passing the Johnson grass statute, intended or contemplated that the owner of land contiguous to a railroad right of way might, for the purposes of suit thereunder, consider his land as divided into as many separate farms as he might have tenants, and recover for some of such farms, while himself permitting Johnson grass to go to seed on others, or on portions of the same body of land, and contiguous to said right of way. The statute uses the word "land," and not "farm" or "farms," and by its very terms owners of lands contiguous to the right of way of railroads, who permit Johnson grass to seed on said land, have no right of action under it.

With respect to farm No. 1 we think a different construction should obtain. The land constituting this farm was entirely separate and distinct from the lands constituting the other farms and situated some distance therefrom. This being true, and said land being contiguous to the right of way of appellant's railroad, the charge of the court in question as applied to this land was correct.

[4] We are further of the opinion that, having requested it, the defendant was entitled to have the jury instructed, if they found for different tracts of land, to specify what penalties and what damages were found as to each farm or tract.

We are not prepared to say the court erred in refusing the special charge requested by defendant, instructing the jury to find for the defendant in so far as damages were claimed by the plaintiff. It is doubtless correct to say that it is the duty of a plaintiff claiming damages to produce evidence by which the amount of his damages may be reasonably estimated according to the rule of law applicable to the case; but, in the case at bar, we have reached the conclusion that the evidence introduced by plaintiff was sufficient to take that question to the jury.

Assignments of error not discussed and which are not disposed of by what has already been said are overruled.

For the reasons indicated, the judgment of the district court is reversed, and the cause remanded for a new trial in accordance with the views expressed in this opinion.

Reversed and remanded.