MISSOURI, K. & T. RY. CO. OF TEXAS v. FORREST. (No. 7358.)

(Court of Civil Appeals of Texas. Dallas. June 26, 1915. Rehearing Denied Oct. 16, 1915.)

1. AGRICULTURE ☞8 — JOHNSON GRASS — JURY QUESTION.

In an action under Rev. St. 1911, §§ 6601, 6602, against a railroad company for injuries to plaintiff's land sustained by reason of the company's allowing Johnson grass to go to seed on its right of way contiguous thereto, where there was substantial evidence that, when land becomes infested with Johnson grass, it is impossible to eradicate it, the submission of the question of permanent injuries under the rule that damages should be estimated at the difference between the market value of the property before and after the infection with Johnson grass is proper.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. ☞8.]

2. AGRICULTURE ☞8—JOHNSON GRASS—ACTIONS—INSTRUCTIONS.

In an action for damages for defendant's act in allowing Johnson grass to go to seed on its right of way, there was evidence that the Johnson grass on plaintiff's property might have come from other sources. The jury were charged that plaintiff was bound to show the amount of his damage caused solely by defendant's act. _Held_, that defendant could not complain of the submission of the matter to the jury, on the ground that, where the damage might have come from several sources, only nominal damages can be recovered.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. ☞8.]

Error from District Court, Ellis County; F. L. Hawkins, Judge.

Action by T. C. Forrest against the Missouri, Kansas & Texas Railway Company of Texas. There was a judgment for plaintiff, and defendant brings error. Affirmed.

C. C. Huff and A. H. McKnight, both of Dallas, and G. C. Groce, of Waxahachie, for plaintiff in error. Clyde F. Winn and Supple & Harding, all of Waxahachie, for defendant in error.

TALBOT, J. This is the second time this case has been before this court. See 148 S. W. 1176. The suit was instituted July 5th, 1910, by the defendant in error, hereinafter called plaintiff, against the plaintiff in error, hereinafter called defendant, under what is known as the Johnson grass statutes, now articles 6601 and 6602 of the Revised Stat-

utes 1911, for the recovery of penalties prescribed for a violation of those statutes and for damages sustained by reason of the defendant allowing Johnson grass to go to seed on its right of way contiguous to certain lands owned by plaintiff. In his first amended petition these lands were described as four separate tracts, but in a second amended petition, filed after the case was remanded for a new trial on appeal heretofore prosecuted to this court, they are described as two tracts containing, respectively, 117 acres and 239 acres, there being of the 117 acres 109 acres in cultivation, and of the 239 acres 232 acres in cultivation.

The petition of the plaintiff charges:

"That his lands were in cultivation· during the years 1908, 1909, and 1910, and that the right of way of the railway company ran through the same for one mile, and was during the said time thickly set and matted with Johnson grass, placed there by the railway company, and that during said years matured and went to seed sufficient to incur penalties of $500; that Johnson grass is a rank, pernicious, tall, and perennial plant of the grass species, propagated both by roots and seed, producing enormous growth of underground stems and great quantities of seed; that its roots penetrate so deeply into the earth and ramify through same in· so many directions as that it can be exterminated only with the greatest difficulty and labor, and that it has such a depressing effect on crops that good crops cannot be grown on land infested by it; that it seeds many times each year, and during the time complained of the water from rains washed enormous quantities of seed from the said right of way onto and over the lands of plaintiff, by reason of the defective, improper, and negligent construction of the roadbed, dump, bridges, and culverts of railway company through said lands; that seed of Johnson grass on the right of way was also carried by winds, birds, and animals and deposited on said lands; that such seed so conveyed to and over the lands of plaintiff sprouted, grew, and infested said lands and damaged the same to the extent of $2,848."

The answer of the defendant put in issue all the material allegations of the petition, and alleged that the plaintiff had permitted Johnson grass to seed on the lands for which he sued during the years covered by the suit. A trial resulted in a verdict for plaintiff for $125, besides interest and cost. A motion for a new trial was made and overruled, and afterwards a writ of error to this court was duly sued out and perfected.

The first assignment of error is as follows:

"The court erred in its charge to the jury in charging, in effect, that the measure of plaintiff's damages, if he was entitled to recover damages, was the difference in the market value of said lands on· July 5, 1910, and what would have been their market value as to the 56-acre tract on May 5, 1909, when plaintiff acquired it, and the other land on July 5, 1908, in so far as the difference in market value, if there was a difference, was attributable solely to the defendant company permitting, if it did, Johnson grass to mature and go to seed on· its right of way between said respective dates, such not being the true measure of damages under the evidence in this case, or, if the true measure, then, under the evidence, to determine damages under the rule given was impossible in any reasonable way, and the rule stated, under the

evidence before the jury, necessarily made any findings of damages by the jury purely speculative."

The propositions contended for are, in substance: First, that the measure of damages as given in the court's charge applies only to cases of permanent injury to land; second, that the evidence failed to show any permanent injury to the lands of the defendant in error during the years for which he sues, or, if permanent injury did result to defendant in error's lands from Johnson grass seeding on the railway company's right of way during said years, it was from his own failure to kill the grass as it came up, as the evidence showed that, if attacked at such time, it can with reasonable effort be easily killed; third, that the evidence showed that, if the plaintiff's lands were, to any material extent, more infested by Johnson grass when this suit was brought than they were two years before, such increased infestation probably resulted largely, if not wholly, from causes other than the seeding of Johnson grass on the railway company's right of way during the years for which suit is brought, and there was no evidence distinguishing between damage resulting from the seeding complained of, and that from other causes, and there was no way, under the evidence, of determining with any reasonable certainty what was recoverable under the rule charged, hence any verdict under the evidence and rule charged was necessarily purely speculative; fourth, that under the evidence in this case and the well-settled rule that, although a legal injury is shown, yet, if the extent of injury is not also shown, and evidence given from which it may be determined, only nominal damages are recoverable, plaintiff, if entitled to recover damages at all, was entitled to recover only nominal damages, and the court should have so charged, and, under the evidence, erred in submitting the case under the rule as to measure of damages that was given.

[1] We think that neither of the foregoing propositions should be sustained and the case reversed, under the evidence shown by the record sent to this court. The evidence is conflicting upon the material issues in the case, but sufficient, as we understand it, to support the verdict and judgment rendered. There are doubtless many cases in which it has been held that, in the absence of proof of injury to the soil, no recovery for permanent injury to the land could be had, and that the "market value rule" is applicable only when permanent injury to the land is shown, and there are also authorities holding, and it may be conceded that the general rule is, that a party should ordinarily protect himself against the injurious consequences of the wrongful acts of another when it can be done without great expense; but, if it be admitted that these principles of law are applicable to the character of case before us, the evidence is clearly not so one way as to justify this court in declaring, as a matter of law, that no permanent injury to plaintiff's lands was shown, or that he failed to exercise the care required of him to prevent or lessen the damages sustained as the result of the alleged wrongful acts of the railway company. The following are some of the cases in which the difference between the market value of the land before and after infestation with Johnson grass from a railroad right of way has been recognized as the proper measure of damages. Railway Company v. Doeppenschmidt, 120 S. W. 928; Railway Company v. Malone, 126 S. W. 936; Railway Company v. Tolbert, 134 S. W. 280. It is true, as contended by the defendant, that it does not appear from the report of those cases that there was any contention in either of them as to the measure of damages, but there evidently was, as here, evidence from which the jury was authorized to find injury to and depreciation in the value of the land because of the communication to it of Johnson grass from the right of way of the railway company. In the case before us the plaintiff offered substantial testimony from which the jury was warranted in concluding that his land was infested with Johnson grass from the defendant's right of way during the years for which he sues; that said grass had grown and spread during those years, notwithstanding diligent efforts on his part to prevent it, to such an extent as to injure his land and depreciate its value in the amount awarded him. This being the state of the evidence, the court correctly instructed the jury as to the measure of damages. Touching the permanency of injury to land from infestation with Johnson grass and the efforts made by the defendant in error to rid his land of it, he testified, among other things, that he had been fighting Johnson grass for 20 years, and had used everything he had ever heard of in trying to exterminate it without success.

[2] The evidence shows that there were sources other than the defendant's right of way from which the plaintiff's lands might have become infested with Johnson grass, and, of course, defendant would not be liable for infestation and the resultant damage of plaintiff's land from such sources. It was therefore essential that the evidence be of such a character that the jury could distinguish between the damage resulting from the seeding of Johnson grass on the defendant's right of way and from other sources, and determine with reasonable certainty the amount thereof. The defendant claims that such was not the character of the evidence, and that, even though a legal injury was shown, in the absence of evidence disclosing the extent of the injury, the plaintiff was entitled to recover only nominal damages. We recognize the force in this contention, but after a careful examination of the evidence have concluded that it was sufficient to take these questions to the jury, and that its findings

should not be disturbed. The defendant's rights in respect to these issues were carefully guarded, both in the court's general charge and in a special charge given at its request. This special charge reads:

"The court is requested to instruct the jury that it is the duty of the plaintiff claiming damages to produce evidence by which the amount of his damages may be reasonably estimated according to the rule of law applicable to the case, and, unless they are able from the evidence to determine what damage, if any, accrued to plaintiff from July 5, 1908, to July 5, 1910, solely from Johnson grass going to seed on defendant's right of way during said years, to plaintiff's land, excluding from consideration all other character of damage, then plaintiff is not entitled to recover damages, and the jury will not find any."

What we have said disposes of the questions raised in defendant's remaining assignments of error against its contention, and we deem it unnecessary to state and discuss them.

Believing the judgment should be affirmed, it is accordingly so ordered.