**GALVESTON, H. & S. A. RY. CO. et al. v. BLUMBERG.  (No. 6474.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 19, 1921. Rehearing Denied Feb. 16, 1921.)

**1. Trial ⬀235(1)—Charge that jury were exclusive judges of weight of testimony proper without addition of "and of all facts proven."**

In an action against a railroad and others for damages to plaintiff's land through the spread of Johnson grass from a switch or spur line, the court properly charged the jury that they were the exclusive judges of the credibility of witnesses and the weight to be given the testimony, and was not required to add, as requested by defendants, "and of all the facts proven."

**2. Trial ⬀219—Definition of "preponderance of the evidence" unnecessary.**

In an action against a railroad and others for damages to plaintiff's land through the spread of Johnson grass from a switch or spur line, it was unnecessary for the jury to define the meaning of "preponderance of the evidence"; it must be presumed that an ordinary jury knew what the words meant.

**3. Agriculture ⬀8—Landowner held not negligent in spreading Johnson grass.**

Plaintiff, suing defendant railroad and others for damage to his land through the spread of Johnson grass from a spur or switch track, had the right to plow his land, and it was not incumbent upon him to cease plowing the land, or tediously to gather the grass roots placed thereon through the negligence of defendants.

**4. Trial ⬀351(2) — Court properly rejected whole charge, though certain special issues requested appropriate.**

If any of requested special issues were appropriate, the duty did not devolve on the trial court to separate the wheat from the chaff, but he properly rejected the whole charge.

**5. Appeal and error ⬀729—Assignment as to refusal to submit issues held too general for consideration.**

Assignment of error seeking to place the whole case before the Court of Civil Appeals by asserting the trial court erred in failing and refusing to submit all material issues on which there was controverted evidence, thereby denying defendant appellant its right to have determined material issues presented by the pleadings, is too general for any appellate court to consider.

**6. Agriculture ⬀8—Diminution of value of land through spread of Johnson grass measure of owner's damages.**

In an action under the statute against a railroad and others for damages to plaintiff's land through the spread of Johnson grass from a spur track, the amount whereby the value of the land infested with the grass has been diminished is the measure whereby damages are to be ascertained, though plaintiff landowner alleges in the alternative that the grass can be eradicated for a smaller amount.

**7. Agriculture ⬀8—Railroad and brick company, lessee of spur track, properly joined in suit for spread of Johnson grass.**

A railroad and a brick company, alleged and proved by plaintiff landowner to be joint tort-feasors in permitting the spread of Johnson grass from a spur track to his land, were properly joined in one suit; it being clearly alleged that the spur track was leased by the brick company but controlled by the railroad company, the parties jointly undertaking the upkeep of the right of way.

Appeal from Guadalupe County Court; J. B. Williams, Judge.

Suit by August Blumberg against the Galveston, Harrisburg & San Antonio Railway Company and others. From judgment for plaintiff, defendants appeal. Affirmed.

Greenwood & Short, of Seguin, Baker, Botts, Parker & Garwood, of Houston, and Dibrell & Mosheim, of Seguin, for appellants.

Egbert Schweppe and Wurzbach & Wirtz, all of Seguin, for appellee.

FLY, C. J. This suit was instituted by appellee against the Galveston, Harrisburg & San Antonio Railway Company, Walker D. Hines, Director General of Railroads, and the Fraser Brick Company, to recover damages to his land, alleged to have accrued by the spread of Johnson grass from a switch or spur line onto the land. The Seguin Vitrified Paving & Face Brick Company was also made a party by a cross-action. It was alleged that the market value of the land was $500 less after becoming infested with the grass than it was before, and that if it was not permanently damaged it would cost $300 to eradicate the grass. The cause was submitted on special issues, and, upon the responses of the jury, a judgment was rendered in favor of appellee as against the railway company and the Fraser Brick Company for $500, and that they take nothing against the Seguin Vitrified Paving & Face Brick Company. The Director General was dismissed from the suit.

The case of the two appellants is separately briefed, and we first consider the brief of the railway company.

The first assignment of error complains of the refusal of the court to require the suit to be prosecuted against the Director General of Railroads, because the allegations and proof showed that the cause of action accrued after December 31, 1917, when the railroad properties were in the possession, use, and control of the said Director General. The allegations were that the Johnson grass infested the land of appellee in 1917 and 1918, and appellee showed that it occurred in the spring of 1917. The assignment is overruled.

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The petition was not open to attack through the general demurrer or special exceptions, and the second, third, and fourth assignments of error are overruled. Neither of the assignments is followed by a proper statement.

[1] The fifth assignment of error is without merit and is overruled. The court properly charged the jury that they were "the exclusive judges of the credibility of the witnesses and the weight to be given to the testimony," and was not required to add thereto, as requested by appellants, "and of all the facts proven." Those words would have added nothing to the effect or force of the court's charge, which gave the legal instruction as to the powers of a jury.

[2] It was unnecessary to define the meaning of "preponderance of the evidence." It must be presumed that an ordinary jury would know what the words meant. It is inconceivable that the verdict in this case was influenced in any manner by a failure to define those words. Any words used in the charge might as well have been selected to be defined. The sixth assignment is overruled.

The seventh assignment of error is without merit and is overruled. The case of Railway Co. v. Doeppenschmidt, 120 S. W. 928, does not sustain the assignment, which asserts that special issue No. 1 required a conclusion of law, and not of facts, from the jury.

The eighth, ninth, tenth, eleventh, and twelfth assignments of error are overruled. The court gave the proper measure of damages and the issue as to limitations and the evidence sustained the verdict as to limitations.

[3] There was no evidence tending to show any negligence of appellee in scattering the grass roots by plowing his land. He had the right to plow his land, and it was not incumbent on him to cease plowing the land or tediously gather the grass roots placed thereon through the negligence of appellants. As said in the cited case of Railway v. Doeppenschmidt:

"We do not think appellee should be held to be guilty of negligence contributing to the injury appellant may have caused her by its violation of the law, because she may, in a proper manner, have continued to cultivate the land after it became infested with grass."

The evidence does not raise the question of contributory negligence. The thirteenth assignment is overruled.

[4] The fifteenth assignment is a blanket assignment and seeks to cover a charge containing definitions and explanations and seven special issues, several of which had no basis in the evidence. If any of them had been appropriate, the duty did not devolve upon the court to separate the wheat from the chaff, but he properly rejected the whole charge.

[5] The nineteenth assignment of error seeks to place the whole case before this court by asserting that—

The "court erred in failing and refusing to submit all the material issues in the case upon which there was controverting evidence, and thereby denied this defendant its right to have determined material issues presented by the pleadings of the case."

The assignment, which it is said is a proposition in itself, is clearly too general for it to be reasonably expected that any appellate court would consider it.

The twentieth and twenty-first assignments of error are not only akin to each other, as stated by appellant, but are closely related to the nineteenth assignment in their latitudinous scope and generality. Neither is followed by proposition or statement. Both are overruled.

The statute makes it unlawful for any railway company or corporation doing business in this state to permit Johnson grass or Russian thistle to mature or go to seed upon any right of way owned, leased, or controlled by it, and any owner of land contiguous to such right of way has the right to recover a penalty independent of whether he is damaged thereby or not, and in addition may recover any damages resulting from allowing such plants to grow and mature seed. Doeppenschmidt v. Railway, 100 Tex. 532, 101 S. W. 1080.

[6] The first assignment of error of the Fraser Brick Company claims that a verdict for $500 damages is excessive, and contends that the verdict is not sustained by allegation or proof. It is true that it is alleged in the alternative by appellee that the grass could be eradicated for $300 but it is also alleged that the value of the land infested with the grass is $500 less than it would be without such grass, and that is the measure by which the damages are to be ascertained. Railway v. Tolbert, 134 S. W. 280; Railway v. Forrest, 179 S. W. 273. The evidence was ample to sustain the verdict for $500.

[7] The second and third assignments are overruled. The statute (Rev. St. 1911, art. 6602) provides that an aggrieved party may not only recover the penalty, but "any such additional sum as he may have been damaged by reason of such railroad or railway company * * * permitting Johnson grass or Russian thistle to mature or go to seed upon their right of way." The assignment is not followed by a proper statement and facts to disclose that the petition seeks to recover on both the statute and common law. Appellants were alleged and proven to be joint tort-feasors, and it was proper to join them in the suit. The statute provides the penalty against "any railroad or railway company or corporation doing business in this state." It was clearly alleged:

"That such switch or spur line right of way is leased by the defendant brick company, but

the switch or spur line is controlled by the defendant railway company, and such right of way is also under the control of said railway company, but the parties jointly undertake the upkeep of such right of way."

The evidence showed joint control of the track and right of way.

The evidence showed that the Fraser Brick Company controlled the Seguin Brick & Tile Company, under whose direction ditches were dug and Johnson grass scattered on the land of appellee, and together with the Railway company controlled the switch and was responsible with the railway company for the damages to the land. The fourth assignment of error is overruled.

There was evidence to show that the Johnson grass was scattered on the land subsequent to September 3, 1916, and the jury believed it. The fifth, sixth, and seventh assignments of error are overruled.

The uncontroverted evidence showed that in 1916 and 1917 the Fraser Brick Company, together with the railway company, was responsible for the condition of the spur track. The eighth, ninth, tenth, eleventh, twelfth, and thirteenth assignments of error are overruled.

The judgment is affirmed.