SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. ARTHUR BURNS,
ET AL.

No. 1443.   Decided June 19, 1905.

**1.—Johnson Grass—Statute—Proviso.**

The statute providing for the recovery of penalty and damages against a
railway company permitting Johnson grass to mature on its right of way and
spread over land of an adjoining proprietor, denies recovery to such proprietor
who has himself permitted the grass to mature or go to seed on his own land,
though it was communicated thereto from the railway premises (Act, April
18, 1901).   (P. 156.)

**2.—Same—Constitutional Law.**

Query, whether that part of the Act of April 18, 1901, permitting recovery
of damages by an adjoining proprietor for the spreading of Johnson grass on
his premises from a railway is constitutional, damages not being mentioned
in the caption of the act.   (Pp. 156, 157.)

Questions certified from  the Court of Civil Appeals for the First
District, in an appeal from De Witt County.

*Proctors,* for appellant.—Any common law cause of action for dam-
ages, based upon injury caused a plaintiff by the communication to his
premises of noxious vegetation from defendant's premises, is essen-
tially predicated on the introduction of said noxious vegetation on the
defendant's premises, either by the defendant or some predecessor in
his estate.   There was never any cause of action at common law for
the communication to a plaintiff's premises of noxious vegetation not
introduced by the defendant or predecessor in estate, but which came
on the defendant's premises from natural causes.   1 Thompson on Neg-
ligence, secs. 694-705; especially the last quoted section on page 644,
and the text-writer's criticism in said section of the Massachusetts case
of Shipley v. 50 Associates, 101 Mass., 251; Giles v. Walker, L. R.,
24 Q. B. Div., 656; 62 L. T. N. S., 933; 54 J. P., 599; quoted with ap-
proval in Gulf C. & S. F. Ry. Co. v. Oakes, 94 Texas, 162; Bishop's
Non-Contract Law, sec. 829, stating the rule in full; also sec. 860;
Wilson v. Newberry, L. R., 7 Q. B., 31; 41 L. J. Q. B. N. S., 31; 25
L. T. N., 695.

*Davidson & Bailey,* for appellees.—It is a well established rule of
common law that one who for his own purpose negligently suffers to
accumulate or collect on his own land and keeps or negligently allows
anything to remain there which is likely to do mischief if it escapes,
must keep it at his peril, and if he does not do so he is prima facie
answerable for all damages which are the natural consequences of its
escape; and a fortiori is this true if in the management of his property
and the construction of his ditches, culverts and drains, he collects in
said ditches, culverts and drains quantities of water sufficient to flow
the roots and seeds of such substance upon the adjoining lands of an-
other which act of collecting unusual large quantities of water with the
dangerous substance intermingled therewith and carrying the same
into the adjoining lands of another would be, on the part of the rail-

way company in this instance, an act of negligence. Am. & Eng. Ency. of Law (2d ed.), vol. 21, p. 98, sec. 5; Gulf C. & S. F. Ry. Co. v. Oakes, 94 Texas, 155; St. Louis & S. W. Ry. Co. v. Terhune, 81 S. W., 74; Missouri, K. & T. Ry. Co. v. McGreger, 68 S. W., 711.

Appellees respectfully submit to the court that this case should be affirmed, but in the event the court should take a different view of the law and decide that this case should be reversed, we respectfully suggest that since the trial of this cause in the County Court of De Witt County, Texas, the case of May v. Ry. Co. was decided by our Supreme Court, declaring the Texas Johnson Grass Statute constitutional, and we, therefore, ask that if this case is reversed it be remanded for a new trial, to the end that appellees, in addition to amending the petition, may avail themselves of the Texas statute which has been declared constitutional.

BROWN, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals for the First Supreme Judicial District. The statement and questions are as follows:

"Appellees brought this suit alleging that they were owners of land lying on each side of the defendant railway company's right of way. That the defendant company had permitted Johnson grass to go to seed upon its right of way and had negligently permitted it to be communicated to plaintiffs' land to their damage, for which they prayed as well as for the penalty prescribed in the act of the Legislature of April 18, 1901, commonly known as the Johnson Grass Statute.

"At the trial plaintiffs in open court abandoned their action under the statute and sought to sustain a recovery under the rules of the common law, but they made no change in their pleading.

"They recovered a judgment and the defendant company has appealed to this court. The case is now pending before us on rehearing.

"The facts are that plaintiff is the owner of cultivated land lying on each side of defendant's right of way. The defendant is a railway corporation. It has for years permitted Johnson grass to mature and go to seed on its right of way. It was not placed on the right of way by the company's procurement, and though it has been communicated to appellees' lands to their damage this has not been due to the actionable negligence of the company unless the statute be applied. The appellees have passively permitted the grass so communicated to their land to mature and go to seed thereon and defendant pleaded and urged that fact as a defense to the suit.

"We reversed the judgment of the trial court on the ground that the undisputed proof showed that appellees had no action at common law. We remanded the cause, however, on the ground that the facts would sustain the statutory action for damages.

"In view of another trial we construed the statute relating to the defense to such a suit and held that if the appellees had simply allowed to go to seed upon their land the grass communicated by the wrong of the defendant it would constitute no defense to the action under the statute.

"We respectfully certify for your decision the following questions:

"First. Plaintiffs having pleaded and proved a case which would have

justified a judgment under the statute, but for some reason having waived their rights thereunder and induced the court to render a judgment in their favor upon another theory, and the undisputed proof showing no right to a judgment except under the statute, should this court have reversed and rendered the judgment instead of reversing and remanding?

"Second. Did this court err in holding that appellees might recover under the provisions of the statute notwithstanding proof that Johnson grass communicated to their land from seed from the company's right of way had been permitted to mature upon their premises?"

To both questions we answer, that the facts stated show that appellees have no right of action under the statute referred to and the Court of Civil Appeals should have rendered judgment for the appellant.

The first section of the act declares it to be unlawful for a railroad company to permit Johnson grass to mature or go to seed on its right of way. The appellees' claim is based upon the following section of that act: "Sec. 2. If it shall appear upon the suit of any person owning, leasing or controlling land contiguous to the right of way of any such railroad or railway company, or corporation, that said railroad or railway company, or corporation has permitted any Johnson grass or Russian thistle to mature or go to seed upon their right of way, such person so suing shall recover from such railroad or railway company or corporation, the sum of twenty-five dollars, and any such additional sum as he may have been damaged by reason of such railroad or railway company or corporation permitting Johnson grass or Russian thistle to mature or go to seed upon their right of way. Provided, any owner of land, or any person controlling land contiguous to the right of way of any such railroad or railway company, who permits any Johnson grass or Russian thistle to mature, or go to seed upon said land shall have no right to recover from such railroad or railway company as provided for in this act." (Laws 1901, p. 283.)

The facts show that the appellees are owners of land contiguous to appellant's right of way on which Johnson grass was permitted to mature or go to seed, and are entitled to maintain this action under the above provision of that statute, unless they are embraced in the terms of the proviso. The language, "any owner of land contiguous to the right of way," etc., used in the proviso, is broad enough to embrace all persons who own land contiguous to the right of way and who permit Johnson grass to go to seed thereon without regard to the means by which the grass was communicated to that land. The policy of the state in enacting the law was to prevent the spread of Johnson grass, and in support of that policy it saw fit to deny an action under that law to any one who should permit the pest to be propagated on his premises. We are unable to see any sound reason for limiting the terms of the law.

An inspection of the act suggests to our mind a serious question as to the constitutionality of that portion of the law which gives a right of action for damages to the owner of contiguous land, because the subject of damages is not mentioned in the caption of the act. The question is not submitted by the Court of Civil Appeals and we do

not pass upon it, although it might be regarded as embraced in the second question propounded.