BANGLE v. MISSOURI, K. & T. RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas. Austin. Oct. 18, 1911.)

1. TRIAL (§ 244*)—INSTRUCTIONS—UNDUE EMPHASIS ON ISSUE.

In an action against a railway company for overflowing land, an instruction that no damages should be allowed for washing of Johnson grass on his land, unless it was caused by the diversion of water from its natural course, was not erroneous as emphasizing an issue, to plaintiff's prejudice.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

2. TRIAL (§ 203*)—INSTRUCTIONS—DEFENSES.

Defendant is entitled to have the issues upon his behalf presented in an affirmative manner.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

3. WATERS AND WATER COURSES (§ 179*)—OVERFLOWING LAND—INSTRUCTIONS.

Though Acts 27th Leg. p. 283, c. 117, gives a right of action to any one owning land adjoining a railroad right of way upon which Johnson grass is permitted to go to seed, in an action against a railroad company for overflowing land, it was not error to instruct that no damages should be allowed for washing of such grass upon plaintiff's land, unless it was caused by diversion of water from its natural course, where plaintiff permitted Johnson grass to go to seed upon his land; suit not being based upon the statute, and the evidence not showing that the company had permitted such grass to go to seed on its right of way.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 179.*]

4. AGRICULTURE (§ 8*)—NOXIOUS VEGETATION—JOHNSON GRASS—RAILROAD RIGHT OF WAY.

Aside from Acts 27th Leg. c. 117, a railroad company is not liable for permitting Johnson grass or other noxious vegetation to grow on its right of way, where the same is spread by wind, water flowing in its natural course, or other natural causes.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

5. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

In an action against a railroad company for overflowing land, it was not reversible er-

---

ror to instruct for defendant that, as to any deposit of Johnson grass and débris, plaintiff could recover such sum as would be necessary to replace the land in the condition it was in immediately before the injury, where plaintiff did not request any special charge on the subject, and the jury found against him as to any such damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228; Dec. Dig. § 1068.*]

6. APPEAL AND ERROR (§ 216*)—OBJECTION BELOW—SUFFICIENCY—INSTRUCTIONS.

In an action against a railway company for overflowing land, an instruction for defendant that, if the land was injured through defendant's negligence in causing the soil to be washed therefrom, the measure of damage would be "such sum of money as plaintiff sustained therefrom and as fair compensation" for any injury considering the less productive condition, not being affirmatively erroneous, was not reviewable on plaintiff's appeal, in the absence of a request for more specific instruction.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627–676.]

7. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error in admitting testimony is harmless, if the same testimony has been previously given without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4166; Dec. Dig. § 1050.*]

8. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error in admitting testimony on an issue is harmless, where the jury found for appellant on that issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

9. APPEAL AND ERROR (§ 548*)—REVIEW—BILL OF EXCEPTIONS—NECESSITY.

Assignment of error to the admission of evidence may be disregarded if it does not appear that a bill of exceptions was reserved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by Alfred Bangle against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for an insufficient amount, plaintiff appeals. Affirmed.

Monteith & Monteith, for appellant. Alexander S. Coke and Tyler, Hubbard & Tyler, for appellee.

### Findings of Fact.

JENKINS, J. This suit was instituted by appellant against appellee in the district court of Bell county October 20, 1908, for damages alleged to have resulted from overflow of his land by water, said damages alleged to have been occasioned by the washing of his land, and the deposit of Johnson grass and débris thereon. Appellant's land was situated in the valley of Little River. The roadway of appellee ran through said land on an embankment about a quarter of a mile in length, through which there were openings, aggregating about 568 feet. These openings were at places where there were natural depressions in the land. Appellant's land would have been overflowed at the time alleged had said embankment not been erected, but it is alleged that the embankment held the water, and that the same was forced through said openings with great force and violence, and washed Johnson grass and roots and seed from said embankment and growing in said openings, and deposited the same on appellant's land. There had been a former suit by appellant against appellee for alleged damages of a similar character, which had been compromised by the payment of $1,400 by appellee to appellant. There was a watershed, several miles in extent, from which water drained onto and across appellant's land, and on this watershed there was a great deal of Johnson grass growing. There was also Johnson grass growing on appellant's land prior to said overflow. Appellee's right of way was covered with Johnson grass. The case was submitted to a jury, which found in favor of appellant the sum of $75 as damages done to his land. No damages were found by reason of Johnson grass being washed onto appellant's land.

### Opinion.

[1] In the second, third, fourth, fifth, and fourteenth assignments of error, which are submitted together, the appellant complains of the charge of the court to the effect that no damages should be allowed the plaintiff occasioned by the washing of Johnson grass on his land, unless the same was caused by the diversion of water from its natural course.

The first proposition submitted under these assignments is that said charge unduly emphasized the issues to the prejudice of plaintiff, and had the effect of setting aside the general charge, which it is alleged was correct, and should have been followed by the jury. The general charge quoted by appellant and referred to in said assignments made no reference to injuries accruing from the deposit of Johnson grass.

[2] The defendant was entitled to have the issues upon its behalf presented in an affirmative manner, and we do not think that plaintiff's proposition is sound. Railway Co. v. Ayres, 83 Tex. 269, 18 S. W. 684; Railway Co. v. Kiersey, 98 Tex. 595, 86 S. W. 744; Railway Co. v. Hall, 98 Tex. 488, 85 S. W. 786; Railway Co. v. Worth (Civ. App.) 107 S. W. 963; Railway Co. v. McGlamory, 89 Tex. 638, 35 S. W. 1058.

[3] Appellant's second proposition is that said special charge was erroneous, for the reason that it is unlawful for a railroad company to permit Johnson grass to mature and go to seed on its right of way; there-

fore, that plaintiff was entitled to damages if Johnson grass growing and maturing on the right of way was deposited on plaintiff's land by natural causes. The law in this regard referred to by appellant is chapter 117, p. 283, Acts 27th Leg., which gives a right of action to any one who owns land adjoining a railroad right of way, if said company permits Johnson grass to go to seed upon its right of way. This law, however, is not applicable where the party complaining has himself permitted Johnson grass to go to seed upon his land. It is a sufficient answer to appellant's contention in this regard to say that his suit is not based upon this act of the Legislature, that the evidence does not show that the railway company permitted Johnson grass to go to seed on its right of way, but, on the other hand, the evidence does show that appellant had permitted Johnson grass to go to seed on his land adjoining said right of way; and a further answer is that the verdict of the jury amounts to a special finding that no Johnson grass was deposited upon appellant's land by reason of anything done by appellee.

[4] Independent of the statute, there will be no liability on the part of a railroad company for permitting Johnson grass or other noxious vegetation to grow on is right of way where the same is spread upon adjacent land by wind, water flowing in its natural course, or other natural causes. Railway Co. v. Oakes, 94 Tex. 162, 58 S. W. 999, 52 L. R. A. 293, 86 Am. St. Rep. 835. The evidence in this case is sufficient to sustain the finding of the jury, which, in effect, is that, if any Johnson grass was deposited on appellant's land, the same occured from the natural flow of the water.

[5] Appellant complains of the charge of the court as to the measure of damages as to the deposit of Johnson grass and débris on appellant's land, which the court states would be such sum of money as would be necessary to expend in putting the land in the condition it was immediately before said injury. The appellant did not request any special charge on this subject, and the jury found against appellant as to any damages on account of the deposit of Johnson grass, débris, etc., for which reasons we overrule appellant's said assignment of error. Railway Co. v. Bolton, 36 Tex. Civ. App. 87, 81 S. W. 126; Wofford v. Buchel Power Co. (Civ. App.) 80 S. W. 1079.

[6] Appellant complains of the charge of the court with reference to the measure of damages occasioned by injury to his land, which charge is as follows: "If you find the plaintiff's land was injured, as alleged, by the negligence of the defendant in causing the soil to be washed therefrom, the measure of his damage would be such sum of money as you may find that he sustained therefrom and as a fair compensation for such injury, if any, taking into consideration the less productive condition of the same, if you so find it to be." This charge is awkwardly worded, but no objection is made thereto on that account. The propositions submitted under the assignment of error in this regard are that the charge was erroneous in not stating for how long the unproductive condition could be considered, and that said paragraph of said charge contemplated that the land injured by the flow of water thereon could not be repaired, and that the same did not allow the plaintiff the value of the use of the land during the time of reclaiming the same to a condition susceptible of cultivation. We think the charge was correct in stating, as was evidently intended by said charge, that the measure of damages was such sum of money as would equal the difference in the value of the land just before and just after the overflow, and that, in estimating said value, the jury should take into consideration the less productive condition of the same. Certainly there was no affirmative error in this charge, and, if the plaintiff was not satisfied therewith, he should have asked additional charges. The charge is not subject to the criticism against it contained in the propositions in reference thereto.

Appellant complains of the action of the court in permitting the defendant to read in evidence a portion of the petition of the former suit by appellant against the railway company for damages to said land; the objection to the admission of said petition being that it did not claim permanent injury to the land involved in said suit. Said petition alleged, among other things, that the defendant in that suit "permitted Johnson grass to be planted and sown on said embankment which, upon the washing away of the tops or ends of said embankment, are washed upon and scattered over the lands of plaintiff, poisoning and injuring the same and destroying its fertility, and increasing the difficulty of its cultivation and greatly diminishing and impairing its value"; also, by reason of the insufficient openings, "that the water is caused and will be caused to rush through with great force and violence the openings in said embankment which has been left to pass therefrom upon the lands and premises of plaintiff, tearing plaintiff's land into gullies and gulches and ravines in some places, and in other places to cover the same with sand and gravel washed from the rivers, logs, and floodwood, and causing the water that should have escaped at other places and at long distances therefrom to pass through said opening and over plaintiff's premises, to the injury and damage of the same, and to the great pecuniary loss and damage of plaintiff." We think these allegations, if true, show permanent injury to said land.

[7] A further answer to appellant's contention in this regard is that, before this petition was read in evidence by the appellee, appellant had testified upon cross-examination that he had brought said suit and to the truth of all the material allegations contained in said petition; and, where testimony is erroneously admitted, this will not be cause for reversal if the same testimony has been previously given in the case without objection. Railway Co. v. Price, 48 Tex. Civ. App. 210, 106 S. W. 702; Railway Co. v. Gillespie, 48 Tex. Civ. App. 56, 106 S. W. 712; Railway Co. v. Cassidy, 48 Tex. Civ. App. 484, 107 S. W. 629. The court instructed the jury upon the issue raised by the pleading in the former case and the evidence in reference thereto, as follows: "If you find for the defendant on its plea of former payment on alleged permanent injury, the form of your verdict will be: 'We, the jury, find for the defendant on its plea of former settlement for permanent injury to the land sued on herein.' "

[8] As the jury found against the defendant on this issue, the erroneous admission of testimony upon such issue, if such had been the fact, would not constitute reversible error.

[9] We might well have declined to consider this assignment of error and the proposition thereunder, for the reason that it is not made to appear, by the statement or otherwise, that any bill of exception was reserved to the admission of this testimony.

Appellant assigns error on the insufficiency of the amount of damages allowed him by the verdict of the jury. This matter was submitted to the jury under proper instructions, and we cannot say that their verdict is not such as should have been rendered from the evidence.

For the reasons hereinabove set out the judgment of the trial court in this case is affirmed.

Affirmed.