VANCE v. SOUTHERN KANSAS RY. OF TEXAS.

(Court of Civil Appeals of Texas. Amarillo. Nov. 30, 1912. Rehearing Denied Jan. 4, 1913.)

1. AGRICULTURE (§ 8*)—RUSSIAN THISTLE—PROPAGATION — LIABILITY OF RAILROAD COMPANY.

A railroad company would not be liable for failure to prevent Russian thistles from growing or going to seed on its right of way or for bringing them there, independent of the Johnson Grass Act of 1901 (Acts 27th Leg. c. 117; Rev. Civ. St. 1911, arts. 6601, 6602), making it unlawful for any railway company to permit Russian thistles to go to seed on its right of way, and giving an owner of contiguous land an action for damages for injuries from a violation of the statute, provided that the owner's act in permitting thistles to go to seed on his land should be a defense to an action against the company, and hence the remedy given by the statute is exclusive.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

2. EVIDENCE (§ 5*)—JUDICIAL NOTICE.

The court cannot take judicial notice that a particular locality along a railroad right of way was free from Russian thistles at a particular time, though it may take judicial notice that the thistles grew throughout the state and were a great nuisance.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 4; Dec. Dig. § 5.*]

3. ACTION (§ 35*)—STATUTORY REMEDIES.

The remedy provided by a statute imposing new duties and creating a new right is exclusive.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 273–294; Dec. Dig. § 35.*]

4. AGRICULTURE (§ 8*)—INJURIES TO ADJOINING LAND—GROWTH OF THISTLES.

Under the Johnson Grass Act of 1901 (Acts 27th Leg. c. 117; Rev. Civ. St. 1911, arts. 6601, 6602), making it unlawful for any railroad company to permit Russian thistles to go to seed on its right of way, and giving landowners an action for damage from a violation of the statute, providing that the owner's act in permitting thistles to seed on his land should bar an action against the company, a landowner who permitted Russian thistles to go to seed on his land for any reason cannot recover damages from a railroad company for permitting thistles to grow on its right of way and be cast upon the adjoining land.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

5. AGRICULTURE (§ 8*)—DAMAGE TO ADJOINING LAND—RUSSIAN THISTLES.

A landowner who has permitted Russian thistles to mature on his own land after they had blown from an adjoining railroad right of way cannot recover from the railroad company the damage sustained to his land by the thistles from the right of way before those matured on his own land.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

Appeal from District Court, Carson County; F. P. Greever, Judge.

Action by F. W. Vance against the Southern Kansas Railway Company of Texas. From a judgment for defendant, plaintiff appeals. Affirmed.

R. R. Hazelwood, of Amarillo, for appellant. Terry, Cavin & Mills, of Galveston, J. C. Dial, of Miami, and H. E. Hoover, of Canadian, for appellee.

HUFF, C. J. Appellant brought suit against appellee for damages alleged to have been sustained by him, occasioned by Russian thistles being blown upon his land from the right of way of appellee; said land being alleged to be contiguous to the right of way. Appellant alleged that, "in building, constructing, and preparing its said right of way contiguous to and near plaintiff's said land, the defendant, as plaintiff is informed and believes, and so charges the fact to be, negligently transported from distant points

on its line of railroad large quantities of dirt and sand, containing seed of Russian thistles, which were by the defendant, its agents and servants, negligently and carelessly permitted to grow, spread, mature, and go to seed on its right of way in great quantities near and contiguous to plaintiff's said land. Plaintiff further avers that said thistles so negligently permitted to grow and go to seed on defendant's said right of way were blown by the wind during the fall and winter of 1909 and 1910 from about November 1st, and the winter and spring of 1911, in such quantities, and scattered their seed to such extent on and across plaintiff's said land that it is now all covered and infected with said thistles, and much of it is thereby rendered almost worthless and is greatly damaged thereby, to wit, in the sum of $10 per acre in the actual value, and $10 per acre in its market value." He further alleges in the petition that the right of way and appellant's land is in an open prairie country, no timber or any obstruction to prevent the blowing of the thistles upon the land, and he further describes the thistles as being easily blown across such country, and that they frequently have high winds in that part of the country.

Upon the trial appellant testified to the fact that the first time he ever saw Russian thistles in that country was on appellant's right of way, and, if there had ever been any previous to that time, he did not know it; that the first time he noticed thistles on his place was in the fall of 1909, the latter part; that the weed was then being blown onto his land, and that he got them and burned them. The first time he noticed them growing on his land was in 1910. Witness stated that all the thistles which grew on his land in 1910 were still there, except such as he had destroyed, though he had not made a success in that direction; that he had burned them and done everything he could, but that they would come back. On cross-examination he stated: "I admit that thistles did mature on my land in 1910 and did go to seed. There were no thistles on my land in 1909." At this point the appellee made a motion requesting the court to instruct the jury to return a verdict for the appellee, which motion the court sustained, and instructed the jury peremptorily to return a verdict for appellee, which they did, and judgment was rendered for appellee in accordance therewith. The defendant answered by general and special exceptions and general and special denial. In its special answer, appellee alleged that "during all the times and the years mentioned in said petition plaintiff himself permitted Russian thistles to mature and go to seed upon his said land," and, because of said acts, that plaintiff could not maintain his cause of action, because under the Act of the Twenty-Seventh Legislature, c. 117, Revised Statutes, arts. 4575a and 4575b, plaintiff, having permitted same to mature and go to seed upon said land, thereby under the law lost his right to recover herein, and the defendant here now pleads the said statutory obligation and the violation thereof on the part of the plaintiff as a complete bar to his right of recovery herein, if otherwise entitled to recover." The appellant, as shown by bill of exceptions No. 1, after the court sustained the motion to instruct the jury peremptorily, offered by his counsel to prove that he would have testified he sowed a part of the land in wheat in the early part of the fall of 1909, and it came up before any thistles were blown on it and before he knew any thistles were on the land, and before he knew or suspected they would blow on it, and before he knew or suspected it would be injurious to his land, even if they did blow on it; that he could not prevent thistles from blowing on that part of the land without entirely destroying the wheat and either plowing it up or continuing to plow the land at least twice a month during the growing season, or by covering it up with straw or a like material and burning it; that thistles do not mature to the extent of leaving the place of their growth before late in August, and that they do not therefore blow from place to place before that time; that, while the thistles were very thick on that part of his land on which the wheat was growing, the wheat was thick enough to confine the thistles to the land upon which it grew and that no seed which matured on his land during 1910 could or did grow a plant before 1911; that, under the circumstances, plaintiff honestly believes that the best interest of all parties concerned forbade his destroying his wheat crop on that part of his land upon which wheat was growing in order that he might prevent thistles from maturing and going to seed on such portion of his land to the extent they did; that, although he had permitted Russian thistles to grow and go to seed on his land during the year 1910, he did so by reason of the fact that it was impossible for him to prevent it without destroying the crop on the land."

In this court the appellant contends that the trial court erred in directing the jury to bring in a verdict for the appellee for the reasons: (1) That plaintiff was entitled to have his cause presented as a common-law action; (2) he was entitled to secure damages which resulted to his land by Russian thistles blown from the defendant's right of way during the year 1910, because the uncontroverted evidence showed that plaintiff permitted no Russian thistles to mature on land during that year which could be avoided, and without greater loss and damage than could or did result from the maturity of thistles on his land during that year; (3) because plaintiff was entitled to recover for all damages resulting to his land

by thistles blown from defendant's right of way, although he may have permitted some thistles to mature after they had been blown from defendant's right of way to his land.

[1] 1. Appellant contends his case is controlled by the common law and not by the act of April, 1901, commonly known as the Johnson Grass Act, and which is carried forward into the Revised Statutes of 1911 as articles 6601 and 6602. The act in question makes it unlawful for any railway company to permit Russian thistles to go to seed on its right of way, and gives to any owner of contiguous land injured thereby his action for damages and a penalty of $25. It is provided, however, that, if the owner is shown to have permitted the thistles to go to seed upon his land, that fact shall constitute a defense to the action. As we understand the law, there was no cause of action in favor of contiguous landowners against a railroad permitting Russian thistles to grow and go to seed on its right of way prior to the passage of the act of 1901. The lawful use of one's own may cause damage to another, and yet no legal wrong has been done or liability incurred. The mere failure to destroy thistles and prevent their going to seed within itself is not actionable, independent of the statute. Especially is this true if the thistle is indigenous to the soil. In order to make a railroad liable, there must have been some independent or active negligence on its part in conveying the seed upon the adjacent land to make it liable. Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Tex. 160, 58 S. W. 999, 52 L. R. A. 293, 86 Am. St. Rep. 835; Teel v. Rio Brovo Oil Co., 47 Tex. Civ. App. 159, 104 S. W. 420; Bangle v. M., K. & T. Ry. Co. of Texas, 140 S. W. 374; S. A. & A. P. Ry. Co. v. Burns, 39 Tex. Civ. App. 35, 89 S. W. 21. When a railway, by some negligent act, interferes with the regular course of nature and diverts it from its natural and ordinary course, and thereby conveys the seed to the contiguous lands and damages the same, a cause of action in favor of the owner might lie against such road, as in the cases of St. Louis S. W. Ry. Co. v. Terhune, 94 S. W. 381; St. L. S. W. Ry. Co. v. Gentry, 43 Tex. Civ. App. 299, 95 S. W. 74; St. L. S. W. Ry. Co. v. Peay, 95 S. W. 75. But where a railway permits the thistles to go to seed on its right of way, and the same is spread upon adjacent land by wind, water flowing in its natural course, or by other natural cause, there is no such cause of action. 140 S. W. 374; Oakes Case, supra. It is alleged that the appellee, in building, constructing, and repairing its right of way, negligently transported from distant points on its line of road large quantities of dirt and sand, containing seed of Russian thistles, which it negligently and carelessly permitted to grow, mature, and go to seed on its right of way in great quantities near appellant's land. It occurs to us that some other act or fact should be alleged than the mere allegation of negligence in conveying the dirt in which there was seed of the thistle. The road had the right to place dirt on its right of way. If the Russian thistle was not a native in that locality and had not taken hold in the soil at that time, it appears to us the petition should have so shown.

[2] The court cannot take judicial notice that the particular locality mentioned was at that time free from the infestment of this weed. We presume we may take notice that throughout the country this thistle did grow and was a great nuisance. The current history of the times is replete with efforts on the part of the people to rid the country of this enemy to the farm. The act of the Legislature more than 10 years ago evidenced the fact that it had such a hold that by law it was sought to prevent its going to seed, not only upon the right of way of railroads, but on the contiguous lands as well. If these seeds so transported were the first in that locality and from which the country was poisoned, it should have been alleged. If there were other seed or thistles in that locality at that time, it was not negligent to place dirt on the right of way with seed in it, and, if these seed were the first, then there was no cause of action until they had grown into the thistle, matured, gone to seed, and carried onto the land in question. That condition was covered by the statute, and, under our construction, was controlled by the statute.

[3] "If the statute imposes a new duty and creates a new right, and at the same time provides a specific remedy to punish the negligence of the one and to secure the other, that remedy is exclusive, and no other action lies for an infraction of the statute." Cyc. 36, 1175. As stated above, we think the law imposed no duty upon the railroad to prevent thistles from growing and going to seed on its right of way, nor was there a cause of action arising out of its failure to prevent the same until the act of 1901. But our statute, we think, is sufficient as to the remedy which is given by the law in this state and as to what law shall control." The common law of England (so far as it is not inconsistent with the Constitution and laws of this state) shall, together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature. Sayles' Civ. Stat. art. 3258. The final title of the Revised Statutes, § 3, provides: "That the rule of the common law that statutes in derogation thereof shall be strictly construed, shall have no application to the Revised Statutes, but the said statutes shall constitute the law of this state respecting the subjects to which they relate.

and the provisions thereof shall be liberally construed with the view to effect their object and to promote justice." The subject of this statute was preventing Johnson grass and Russian thistles from going to seed on the right of way of railroads in this state, and the object was to prohibit that result.

[4] 2. Under the decision of the Supreme Court, we are of the opinion that, if appellant permits Russian thistles to go to seed on his land, he cannot invoke the aid of the statute, whatever may have been the cause of his doing so. If he thought his wheat on 50 acres of more value than his land and of his right under the statute to sue for damages, he should abide his election. The courts cannot, in the face of the proviso and the decision of our Supreme Court, give him relief. In the case of Railway Co. v. Burns, 99 Tex. 154, 87 S. W. 1144, that court, through Chief Justice Brown, said: "The policy of this state in enacting the law was to prevent the spread of Johnson grass (in this case Russian thistles), and in support of that policy it saw fit to deny an action under that law to any one who should permit the pest to be propogated on his premises. We are unable to see any sound reason for limiting the terms of the law."

[5] 3. The third proposition of appellant is "that he was entitled to recover all damages resulting to his land by thistles blown from defendant's right of way, although he may have permitted some thistles to mature after they had been so blown from defendant's right of way on his land." If we understand appellant, he asserts that he should recover the damage done his land by the thistles from appellee's right of way and before those maturing on his own land. Judge Gill of the First Court of Civil Appeals rendered the opinion in the Burns Case, when it was before that court, which may be found in 39 Tex. Civ. App. 35, 89 S. W. 21, and he in that opinion advanced substantially the same proposition and rested his decision on that ground. It was that very question, certified to the Supreme Court, which that court answered adversely. 99 Tex. 154, 87 S. W. 1144, supra. So this contention of appellant must be overruled.

Appellant having himself testified that he permitted about 50 acres of Russian thistles to mature and go to seed on his own land, included within the 640-acre tract, which he claims was damaged but which was not segregated in any way, is under the statute invoked by him, and the decision of the highest court in this state denied a right of action. Under that evidence and the law, the trial court did not err in sustaining the motion of appellee to instruct a verdict for it and in giving a peremptory charge to the jury to find for the appellee.

The judgment of the trial court should be in all things affirmed, and it is so ordered.