## WICHITA FALLS, R. & FT. W. RY. CO. v. SPARKS. (No. 519.)

·Court of Civil Appeals of Texas. Eastland. Dec. 21, 1928.

Rehearing Denied Jan. 19, 1929.

Conner & McRae, of Eastland, for appellant.

J. R. Stubblefield and Chas. C. Robey, both of Eastland, for appellee.

FUNDERBURK, J. Appellee, Sparks, brought suit against appellant, Wichita Falls, Ranger & Fort Worth Railway Coupany, to recover penalties and damages under the provisions of R. S. 1925, art. 6401, authorizing such recovery in favor of the owner of contiguous lands against a railroad or railway company or corporation for permitting Johnson grass to mature or go to seed upon its right of way. Penalties were claimed amounting to $25 a year for each of the years 1925 (subsequent to June 25, 1925), 1926, and 1927, and also damages to the land in the sum of $5,000. A jury in response to special issues found that appellant had permitted Johnson grass to mature or go to seed on its right of way contiguous to the land of appellee for each of the years 1925 (subsequent to June 25, 1925), 1926, and 1927. The jury also found that appellee had not permitted Johnson grass to so mature or go to seed on his contiguous land for the years 1925 and 1926, but had done so during the year 1927. In response to other issues, the jury also found that appellee had suffered damages as the consequence of appellant's permitting said grass to go to seed, and that the amount of such damages was the sum of $350. On the motion of appellee, judgment was rendered in his favor upon the verdict of the jury for the amount of damages found by the jury and a penalty of $25 for each of the years 1925 and 1926, totaling the sum of $400. Special issue No. 7, which called for a finding as to whether appellee had suffered damages, was submitted conditionally. The condition upon which the jury was instructed to answer the issue was, as stated in the instruction: "If you, (the jury) have answered special issues Nos. 1, 3 and 5, or either of said special issues 'yes,' and you have answered special issues Nos. 2, 4 and 6 'No,' then answer the following special issues," etc. Special issue No. 6 was answered "Yes" instead of "No." From this it is apparent that the precise condition under which the jury was directed to answer special issue No. 7 did not exist. Appellee filed a very formal motion for new trial, the grounds for which, as stated, being "that in justice to the defendant the court should grant a new trial." It appears from appellee's brief and argument that the error intended to be confessed by such motion was that the judgment rested on the jury's finding to said special issue No. 7, which was error because same was not answered in accordance with the conditions upon which it was submitted. The motion for new trial was overruled; no exceptions by either party having been taken to the order. Appellant, however, excepted to the original judgment, gave notice of appeal, and has duly prosecuted its appeal to this court.

It is first insisted by appellee that the appellant has waived all its assignments and such assignments are not entitled to consideration because the appellant did not except to the action of the court in overruling appellee's motion for new trial. This contention appears to be predicated upon the assumption that, had appellant made a motion for new trial, or had it requested the court to grant appellee's motion made expressly for its benefit, the court would have certainly set aside its judgment and granted a new trial, thereby rendering an appeal unnecessary. This point is not urged merely as a reason why the costs of appeal should be taxed to appellant upon a reversal of the case, but it is contended that appellant, by such inaction, is estopped to avail itself of even the errors that appellee by its said motion acknowledged to exist. Appellee now insists that, notwithstanding such error, the

judgment of the trial court should be affirmed. No authority is cited in support of the proposition, and we are not at all impressed with the reasons advanced in its favor. We cannot assume that, had appellant requested the court to grant a new trial, the court would certainly have done so. If the trial court would not grant a new trial on the motion of the party in whose favor judgment was rendered upon the acknowledgment that the judgment worked an injustice to the adversary, how could any presumption arise that a request by such adversary for a new trial would have been granted? It would seem to be contrary to common experience for the plea of the losing party in such a situation to be given more weight than a confession of error in his favor by the winning party. To our minds it is entirely conceivable that the trial court may have considered that there was no error in its judgment, regardless of the claim of either party or both parties that there was. We know of no rule that subordinates the judgment of the court to the opinion of the parties to a suit or that makes it mandatory that a trial court set aside its judgment because merely requested by all parties in interest, and regardless of the court's opinion as to whether there be error. This point, therefore, we think must be overruled.

Appellant likewise urges some propositions that we are unable to sustain. These, because they are not determinative of the disposition to be made of the case, will be but briefly noticed. One such contention is that there could be no valid judgment against appellant for damages for permitting Johnson grass to mature or go to seed, in the absence of proper pleading and proof of negligence. This would be true in the absence of the statute, but, in a suit for damages under the statute, no other negligence, we think, need be alleged or proved than the fact of defendants permitting the grass to mature or go to seed. Of course, damages must be alleged and also the facts to show that the prohibited act complained of approximately caused the damages. In other words, the purpose of the statute being to prohibit appellant from permitting Johnson grass to mature or go to seed on its right of way, its act in doing so will be regarded as negligence per se and dispense with the necessity of alleging or proving any other negligence. Missouri, K. & T. R. Co. v. Tolbert (Tex. Civ. App.) 134 S. W. 280; San Antonio & A. P. R. Co. v. Burns, 39 Tex. Civ. App. 32, 89 S. W. 21; International & G. N. R. Co. v. Shelton (Tex. Civ. App.) 81 S. W. 794; St. Louis Southwestern R. Co. v. Terhune (Tex. Civ. App.) 81 S. W. 75.

Appellant also contends that the judgment against it cannot be sustained because there was no allegation or proof of facts to enable the court to apply any proper measure of damages. Appellee alleged the measure of his damages to be the difference in the market value of the land before it became infested with Johnson grass and its market value afterwards. The court endeavored to instruct the jury that such was the measure for ascertaining the amount of damages. In this connection it may be mentioned that appellant complains of such instruction to the jury on a number of grounds, some of which may be of possible merit, but we overrule the objections to the effect that the difference in the market value of the land before its infestation and afterwards was not the correct measure of damages, and the objection that the jury was directed by the court to arrive at the amount of damages by adding the value of the land before its infestation to its value afterwards. As to the last objection we do not think the jury could have been misled by the very evidently inadvertent omission of the word "difference." With reference to the other objection however we might be inclined to view the question, were it one of first impression, it seems to be thoroughly well settled that the proper measure of damages in such cases is that contended for by appellee and applied by the court. Missouri, K. & T. R. Co. v. Wells (Tex. Civ. App.) error refused 275 S. W. 218; Galveston, H. & S. A. R. Co. v. Blumberg (Tex. Civ. App.) 227 S. W. 734; Missouri, K. & T. R. Co. v. Malone, 59 Tex. Civ. App. 254, 126 S. W. 936; Missouri, K. & T. R. Co. v. Tolbert (Tex. Civ. App.) 134 S. W. 280.

Whether appellees undertake to state a cause of action for damages to the land as at common law, in addition to a cause of action under the statute, is to our minds somewhat uncertain. We are inclined to think that the proper construction of the pleading requires us to hold that nothing more is claimed than the penalty and damages provided for by the statute. Allegations as to the character of construction and the manner of maintenance of the railroad right of way which it is stated caused the water to be diverted from its aforetime course and to collect on appellee's land, thereby facilitating the greater spread of the Johnson grass, and other similar allegations, are, we think, to be properly regarded as intended to show the extent of the damages rather than a claim of other and different damages than such as resulted from appellants having permitted Johnson grass to go to seed on its right of way. Whether this be the proper interpretation of the pleading, it is not necessary to determine in order to reach a conclusion as to the proper disposition of the case. If the pleading be construed to state only a cause of action for penalty and damages under the statute, then the judgment of the trial court should have been for appellant instead of appellee. The finding of the jury in answer to special issue No. 6 to the effect that ap-

pellee had permitted Johnson grass to go to seed upon his contiguous land was an effective bar to appellee's right to a judgment for anything. The statute that gives the right, at the same time provides: "Provided that any person owning or controlling land contiguous to said right of way who permits any said grass * * * to mature or go to seed upon said land shall have no right to such recovery."

It seems to have been the view of the trial court that the finding of the jury would not bar a recovery of a penalty for each of the years 1925 and 1926 that appellee did not permit Johnson grass to mature or go to seed, nor would such finding bar a recovery of damages. We do not believe that this is the correct interpretation of the statute. As said by the Supreme Court in San Antonio & A. P. R. Co. v. Burns, 99 Tex. 154, 87 S. W. 1144: "The policy of the state in enacting the law was to prevent the spread of Johnson grass, and, in support of that policy, it saw fit to deny an action under that law to anyone who should permit the pest to be propagated on his premises."

In Vance v. Southern Kansas Ry. Co. (Tex. Civ. App.) 152 S. W. 743, a part of plaintiff's claim, like the one here, was for damages and penalty for years prior to that when plaintiff had permitted the grass or thistles to go to seed on his own land. The position of the plaintiff, as stated by the court, was: "If we understand appellant, he asserts that he should recover the damage done his land by the thistles from appellee's right of way and before those maturing on his own land."

It was observed that this view had been supported by the Galveston Court of Civil Appeals in the original opinion in San Antonio & A. P. R. Co. v. Burns, 39 Tex. Civ. App. 32, 89 S. W. 21, and that such point was determined adversely by the Supreme Court on certified questions in that case. San Antonio & A. P. R. Co. v. Burns, 99 Tex. 154, 87 S. W. 1144. This we think is the proper interpretation of said decisions.

■ If appellee's pleadings are susceptible of the construction that, aside from the cause of action for damages under the statute it also alleged an independent cause of action for damages under the common law, it is not so certain that the fact that appellee permitted Johnson grass to go to seed on his own land would bar a recovery. Considering the purpose of the statute, we are not prepared to say that it would not. At least one case, however, holds such fact would not constitute a bar under such circumstances. Missouri, K. & T. R. Co. v. Tolbert (Tex. Civ. App.) 134 S. W. 280.

It is not necessary for us to determine this point, however. Certain it is that there could be no valid recovery of judgment on such cause of action in the absence of pleading and proof of negligence, proximate cause, and damages. This comprehends that, as to all such issues not established by undisputed evidence outside of the plaintiff's own testimony, there must have been proper findings thereon by the jury. No such issues were submitted or requested. Being distinct and independent grounds for recovery, the duty rested upon appellee to procure a verdict of the jury on such issues, if same were to be relied upon for support of the judgment. No duty rested upon the appellant with reference to that matter and no aid of the judgment is afforded by the provisions of R. S. art. 2190, providing that, "upon appeal or writ of error, an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding." Such issues are therefore to be regarded as having been waived. Ormsby v. Ratcliffe (Tex.) 1 S.W.(2d) 1084; Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902.

Being of opinion that the trial court should have given judgment for appellant on the verdict of the jury, the judgment of the trial court is reversed, and judgment is here rendered for appellant.