**CHILDERS v. TEXAS & N. O. R. CO.**

No. 8129.

Court of Civil Appeals of Texas. Austin.

Nov. 6, 1935.

Rehearing Granted and in Part Overruled Dec. 18, 1935.

F. H. Hammond and Thos. C. Ferguson, both of Burnet, for appellant.

Baker, Botts, Andrew & Wharton, of Houston, and Smith, Brownlee & Goldsmith and E. F. Smith, all of Austin, for appellee.

BAUGH, Justice.

Appellant sued the appellee for statutory penalties and damages to his farm caused by appellee's permitting Johnson grass to mature and go to seed on its right of way in Burnet county, and thereby spread upon and infest appellant's farms contiguous thereto. After the close of the evidence both of appellant and appellee, the trial court instructed the jury to return a verdict for appellee and entered judgment accordingly, hence this appeal.

Appellant's petition sought recovery on two counts: First, for penalties provided in article 6401, R.S.1925, from 1927 to 1933, on the ground that appellee had permitted such Johnson grass to mature and go to seed on its right of way in violation of said statute; and, second, for damages to his farm caused by the negligent maintenance of its right of way in stopping the natural flow of waters draining over his farm and impounding same so as to overflow and stand upon his farming lands, thereby spreading the Johnson grass from its right of way over and upon his farm, which otherwise would not have occurred.

Appellee, in addition to general demurrer and general denial, pleaded, among other defenses not necessary to enumerate, the two-year statute of limitation as to all penalties accruing more than two years prior to the filing of said suit; that appellant had permitted Johnson grass to mature and go to seed on his lands thus barring a recovery under the statute; infestation of appellant's field from other sources than from appellee's right of way; and that if any impounding of water and its overflow upon ap-

pellant's land occurred same was caused by the negligent acts of appellant in constructing a ditch along the upper side of his field, diverting the flow of water from its natural course and concentrating it against appellee's right of way, thus himself causing such overflow upon his lands, for which appellee was not liable.

■ It does not appear upon what grounds the trial court instructed a verdict for appellee, and we therefore consider in the order presented the grounds asserted by appellee as sustaining the judgment. The first of these is that there was no evidence that appellee owned, leased, or controlled the railroad right of way upon which the Johnson grass grew. Appellee urges that its general denial put that question in issue and that failure of appellant to establish same by competent proof was fatal. With this we do not agree. The rule announced in Silliman v. Gano, 90 Tex. 637, 646, 39 S.W. 559, 40 S.W. 391, and in Hynes v. Packard, 92 Tex. 44, 50, 45 S.W. 562, is not here applicable. In those cases title and ownership of the lands involved was the subject-matter of the lawsuits. In such case, of course, the plaintiff, as against a general denial, must prove the title he asserts to entitle him to recover. Here the ownership of the right of way by appellee was alleged by it in its answer, assumed on the trial and nowhere controverted. It was not under its pleadings such issue as would have, had the case been submitted to the jury either on special issues or under a general charge, been submitted. Both parties alleged it and no question was raised upon the trial as to such ownership or operation. And, clearly, we think the general rule applies that facts alleged by both parties will be accepted as established without proof. Caulk v. Anderson, 120 Tex. 253, 37 S.W.(2d) 1008; 33 Tex.Jur., § 188, p. 643; 17 Tex.Jur., § 240, p. 576.

The next grounds urged by appellee as sustaining the instructed verdict are (a) that appellant admitted that he had permitted Johnson grass to mature and go to seed upon his land; and (b) that there was "no evidence of negligence on the part of appellee by reason whereof Johnson grass or seed thereof was conveyed from appellee's right-of-way to appellant's land."

Appellant's farm consisted of about 180 acres. The railroad ran north and south through it for a distance of some 1,200 yards, leaving approximately 85 acres on the west side of the right of way and approximately 95 acres on the east side. The general drainage of the farm was from the northwest to the southeast. The track and right of way diverted these drainage waters from the west field along same to the south end of the farm where such waters escaped to the east side through a culvert underneath the track, built below the level of the ground. It is not controverted that the right of way had been infested with Johnson grass for many years, nor that such grass had for at least five years prior to filing this suit been permitted by appellee to mature and go to seed on its right of way contiguous to appellant's farm. Under the undisputed facts, therefore, appellant was entitled to recover the penalties provided by the statute, and not barred by limitation, unless he was barred from doing so under the proviso of the statute by permitting Johnson grass to "mature or go to seed" upon his own premises.

■■ The map or plat of the premises prepared by appellee after this suit was filed shows a heavy growth of Johnson grass on practically all of its right of way through the entire distance of appellant's farms, extending over onto the west farm a part of that distance, with scattered patches of Johnson grass becoming sparser as the distance from the railroad increased. The heavy growth on the west farm being on the land where appellant testified that the water impounded by the railroad overflowed his land, and along a ravine near the south end of the farm. Appellant testified that he had done everything he could to keep it killed out on his west farm with reasonable success up to two years before suit was filed; that during that two years he had used every effort to prevent its spread, plowing it, mowing and burning it, and had never let it go to seed on his farm. While his testimony and that of other witnesses upon cross-examination was somewhat confusing as to whether he had permitted it to mature and go to seed, if the now well-established rule be applied that to take such fact issue away from the jury all adverse testimony should be discarded, and only that favorable to plaintiff considered, we are clearly of the view that the issue as to whether appellant had permitted such grass to mature and go to seed on his farm west of the railroad, should have been submitted to the jury. There is evidence in the record which would have supported a finding that he did not.

■■ As to the farm east of the railroad, nowhere is it shown that it was heavily infested, only sparsely so. Appellant testified

that he had successfully kept this farm from becoming much infested. The only evidence we find as to permitting such grass to mature and go to seed on that side of the railroad, which is apparently relied upon by appellee, related to some patches which appellant had treated, under instructions, with some sort of concoction calculated to kill it. As to this he testified that, according to instructions he did let the treated grass go to seed. He also testified that the treatment so used not only killed the roots of the grass so treated, but sterilized the seeds thereof, and that same would not germinate and spread the growth of the grass. This, notwithstanding the fact that after treatment such grass did head out and form seeds. If that be true, then we think recovery by appellant for the railroad company's acts in permitting unchecked the spread of Johnson grass from its right of way would not be barred by the proviso of the statute. Clearly the statute was designed to prevent the spread of Johnson grass from the railroad's property onto adjoining farms. San Antonio & A. P. Ry. Co. v. Burns, 99 Tex. 154, 87 S.W. 1144. The statute should be construed and applied in the light of the purposes of its enactment. Clearly the Legislature meant by the language, "mature or go to seed," such maturity or ripening of seed as would germinate and reproduce; and to deny a contiguous landowner recovery against a railroad for its negligence, where he was himself guilty of negligence in permitting such pest upon his own premises to grow, mature, and spread of its own accord. If, on the other hand, the landowner has used every effort to prevent its spread and to exterminate it, and though he has permitted the grass "to go to seed," but in treating it so as to destroy it, has prevented and destroyed the germinating or reproductive quality of such seed, so as to effectively prevent such grass spreading on his own land, as appellant testified he had done in this case, we think he does not fall within the clear meaning of the proviso of the statute so as to bar his recovery against the railroad company, which had, without contradiction, violated the express terms of the statute.                                     .

▮ On the issue of negligence in properly maintaining its right of way, there was evidence to show that appellee had not provided adequate ditches along its track to carry off the water in heavy rains; that the water flowing over the west field was diverted from its natural course and flowed down the railroad right of way to the south edge of appellant's farm where it was carried underneath the track through a culvert placed below the level of the ground at that point; that this culvert had become party filled with dirt and sediment and was not adequate to discharge the flow of such water; that because of that fact water became impounded on the west side of said right of way, backed upon and was caused to stand over a part of appellant's farm, causing the spread of the Johnson grass from appellee's property onto that of appellant following heavy rains. There was also evidence that the dense growth of Johnson grass itself on the right of way and especially in the vicinity of the culvert retarded the normal flow of the water and caused its spread over appellant's field. Clearly this was sufficient evidence to go to the jury on the issue of negligence.

▮▮ The penalty provided by the statute is not exclusive. It does not bar an action for damages in addition thereto if the railroad company be liable. Doeppenschmidt v. I. & G. N. R. Co., 100 Tex. 532, 101 S.W. 1080. It has been held that the railroad company is not necessarily liable for the spread through natural causes, of grasses indigenous to the soil from its right of way to adjoining lands, absent any negligence of the railroad company. Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Tex. 155, 58 S.W. 999, 52 L.R.A. 293, 86 Am.St.Rep. 835. This presupposes a lawful use by the railroad company of its property. But the statute makes it unlawful for a railroad company to permit such noxious grasses to mature and go to seed on its property. When it violates the statute it is per se guilty of negligence. Wichita Falls, R. & Ft. Worth Ry. Co. v. Sparks (Tex.Civ. App.) 12 S.W.(2d) 1082; 35 Tex.Jur., § 142, p. 213, and cases there cited. When the complaining party shows a violation of the statute, he has shown negligence. Whether he, by permitting the same plants to mature and go to seed on his own land, thereby becomes guilty of contributory negligence and barred from recovery under the proviso of the statute is another question.

While appellee raises the sufficiency of appellant's pleadings on the issue of damages predicated upon negligence, only a general demurrer was filed thereto, and indulging every intendment in support of the petition, which in the main, accords with the pleadings in Missouri K. & T. R. Co. v. Tolbert (Tex.Civ.App.) 134 S.W. 280, we think they were sufficient.

. Nor can the judgment be sustained on the ground, as urged by appellee, that there was no evidence that appellant had suffered damages in any sum. The measure of damages, where it is shown that injury resulted to lands as the proximate result of negligence, is now well settled. See Galveston, H. & S. A. R. Co. v. Blumberg (Tex.Civ. App.) 227 S.W. 734; Missouri, K. & T. Ry. Co. v. Wells (Tex.Civ.App.) 275 S.W. 218, 219 (writ ref.); 35 Tex.Jur., § 141, p. 213, and cases cited. Without summarizing the evidence here, suffice it to say that the testimony as to the value of the land prior to its infestation with Johnson grass, and its value after it was infested, and the testimony as to decreased value thereof because of such infestation, was clearly sufficient to go to the jury on the legal measure of appellant's damages.

For the reasons stated, the judgment of the trial court must be reversed, and the cause remanded for another trial.

### On Motion for Rehearing.

■ Upon consideration of appellee's motion for a rehearing, we have concluded that we were in error in holding that appellant's pleadings were sufficient to sustain a judgment for the statutory penalties sued for. In suits for penalties the rule adopted by the Supreme Court is that such pleadings must be strictly construed against the pleader; and that a violation of the statute must be pleaded with the same degree of certainty and specification of facts relied upon as would be required in a bill of indictment. State v. Williams, 8 Tex. 255; Pool v. Chapman (Tex.Com.App.) 283 S. W. 762, 764; 32 Tex.Jur., Sec. 14, p. 764, and cases there cited. Without setting out appellant's pleadings on that count here, which were general in nature, we have concluded that as to the penalties sought to be recovered, this strict requirement had not been met, and that so far as penalties are concerned, the trial court's judgment should be sustained.

■ However, in addition to the penalties sued for, the appellant sought to recover damages to his lands, independent of the statute, alleged to have been caused by the negligence of appellee. In this respect his suit was a common-law action, predicated, not upon a violation of the Johnson grass statute by the railroad company, but upon negligence in the construction and maintenance of its road. As to this count in his petition, the foregoing rule of strict construction pertinent to his penalty suit would not apply, but the general rule applicable to other suits for damages predicated upon negligence. In this regard, as held in our original opinion, we think the pleadings and proof were sufficient to submit such issue to the jury. The general demurrer as to the entire petition of appellant, though good as to his count for statutory penalties, was not good as against his suit for damages based upon common-law negligence. And the statute providing for penalties does not preclude a recovery of damages, if any, caused by the negligence of appellee. Dorrance & Co. v. International & G. N. R. Co., 53 Tex.Civ.App. 460, 126 S.W. 694; Vance v. Southern Kansas Ry. (Tex.Civ.App.) 152 S.W. 743, 745; 35 Tex.Jur., § 141, p. 212, and cases there cited. Conceding appellee's contention as to the statutory penalties sought to be recovered against it, there still remained appellant's cause of action for damages based upon alleged negligence, against which the general demurrer was not sufficient, and which should have been submitted to the jury. This requires a reversal of the case in any event. With this modification of our original opinion herein, the motion for rehearing is in all other respects overruled.

Granted in part, and in part overruled.